**QUEEN'S UNIVERSITY AT KINGSTON, and Giram Company, Inc., Plaintiffs,**

v.

**KINEDYNE CORPORATION, Defendant.**

**Civ. A. No. 94–2066–EEO.**

United States District Court,
D. Kansas.

May 1, 1995.

John A. Lahive, Jr., Ralph A. Loren, Ann Lamport Hammitte, James E. Maslow, Lahive & Cockfield, Boston, MA, Katherine E. Rich, Holman, McCollum & Hansen, P.C., Prairie Village, KS, for Queen's University at Kingston.

John A. Lahive, Jr., Ralph A. Loren, Ann Lamport Hammitte, Lahive & Cockfield, Boston, MA, Katherine E. Rich, Holman, McCollum & Hansen, P.C., Prairie Village, KS, for Giram Co., Inc.

Thomas V. Murray, Barber, Emerson, Springer; Zinn & Murray, Lawrence, KS, James L. Sigel, Ropes & Gray, Boston, MA, Thomas N. Young, Gerald T. Tschura, Krass & Young, P.C., Troy, MI, for Kinedyne Corp.

### MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on defendant's motion for leave to conduct limited

discovery (Doc. # 82). Plaintiffs oppose the motion and request an award of the costs associated with responding to the instant motion. For the reasons set forth below, defendant's motion will be denied.

This is a patent infringement action involving an apparatus for restraining wheelchairs and their occupants in buses or vans in the event of a sudden stop or crash. Defendant seeks leave to reopen discovery during the present continuance of this matter[1] to depose and subpoena documents from Dr. Lawrence Schneider of the Transportation Research Institute at the University of Michigan. The parties agree that Dr. Schneider is a recognized authority on wheelchair restraint systems—prior to this lawsuit, both plaintiffs and defendant consulted him about wheelchair restraint systems in public and private transportation systems.

Plaintiffs contacted Dr. Schneider on June 24, 1994, regarding the patent at issue in the instant case. Pursuant to that contact, Dr. Schneider prepared a written report for plaintiffs. Plaintiffs decided not to designate Dr. Schneider as an expert witness for trial and did not disclose their relationship with Dr. Schneider, or the existence of his report, to defendant during the regular course of discovery.[2]

Discovery in this case closed September 1, 1994. Defendant joined in the proposed pretrial order filed on December 8, 1994, which stated, "Discovery is complete." Defendant's

counsel sent the court a letter dated January 27, 1995, objecting to the continuance and stating that defendant was ready for trial during the weeks of February 6 and 13, 1995. (Letter attached as Exhibit A.)

Defendant states that on January 24, 1995, its counsel contacted Dr. Schneider as part of "normal pretrial investigation" to learn his opinions and to "inquire as to whether he was aware of any relevant prior art." Dr. Schneider informed defendant's counsel that he had previously been contacted by plaintiffs and had given them a written opinion regarding matters involved in the lawsuit. Defendant's counsel inferred that the report was unfavorable to plaintiffs' case, presumably because plaintiffs had not listed Dr. Schneider as an expert witness for trial.

Defendant now seeks to depose Dr. Schneider, pursuant to Federal Rule of Civil Procedure 26(b)(4), regarding any opinions he held on the patent at issue *prior* to being contacted by plaintiffs in relation to the instant suit. *See Ager v. Jane Stormont Hospital & Training School for Nurses,* 622 F.2d 496, 500–01 (10th Cir.1980) (facts and opinions of an expert, which are not acquired in preparation for trial, are freely discoverable).

Plaintiffs urge the court to deny defendant's request as untimely in that discovery closed September 1, 1994, and because defendant has not shown good cause for reopening discovery. Defendant's argument

---

1. On January 24, 1995, the court granted plaintiffs' motion for a continuance of the trial of this matter pending resolution of core patent law questions in *Hilton–Davis v. Warner–Jenkinson Co.,* No. 93–1088, (Fed.Cir. en banc) (argued March 9, 1994).

2. Defendant's Document Request No. 1 requested "any document containing or making reference to an interpretation of any claim in the patent-in-suit made by or for plaintiff or plaintiffs' counsel whether or not in contemplation of the present litigation.
Defendant's Document Request No. 2 requested "any and all documents containing, relating to or arising out of any analysis of the applicability of any claim of the patent-in-suit to the Kinedyne FE 500 and/or Kinedyne FE 501 products made by or for plaintiff or plaintiffs' counsel whether or not in contemplation of the present litigation.
Defendant's Document Request No. 20 requested "all documents which constitute, refer or relate

to any opinion on the validity, enforceability or infringement by any entity of the patent-in-suit."
Defendants also propounded the following interrogatory:
Interrogatory No. 4: "Identify every person, whether or not an attorney, consulted by either plaintiff or plaintiffs' counsel for advice and/or opinions regarding any aspect of the allegation of infringement made in this lawsuit."
Plaintiffs objected to all of the above requests on the grounds that they called for information subject to the attorney/client privilege and attorney work product doctrine and responded to the extent possible without waiving the objection. Plaintiff did not, however, provide any further information regarding the basis for their assertion of protection. They did not disclose that they had retained an expert who would not be called at trial or that the retained expert had prepared a report.

centers on assertions regarding the relevance of Dr. Schneider's anticipated testimony, but offers no explanation for defendant's failure to contact Dr. Schneider until well after the close of discovery. Defendant does not allege that Dr. Schneider is a newly-discovered witness or that he was previously unavailable. There is no question that defendant was well aware of Dr. Schneider and his area of expertise throughout the scheduled discovery of this case. Defendant has wholly failed to establish good cause for reopening discovery. Under these circumstances, defendant's request for leave to depose Dr. Schneider regarding opinions held by him prior to the instant litigation will be denied.

Citing Rule 26(b)(5), defendant also asserts that because plaintiffs failed to make an express claim of Rule 26(b)(4)(B) protection with regard to Dr. Schneider, they have waived their claim to protection. Defendant, therefore, asserts that it should be permitted to depose Dr. Schneider regarding his report and other facts or opinions he holds related to this case.

■ Federal Rule of Civil Procedure 26(b)(5), as amended effective December 1, 1993, provides as follows:

> (5) **Claims of Privilege or Protection of Trial Preparation Materials.** When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Rule 26(b)(5) is a new provision in the Federal Rules which expressly mandates what courts had previously required based on other provisions in Rule 26. In *Ager*, 622 F.2d at 502, the court held that a party withholding information related to an informally consulted expert must reveal the existence of the claimed relationship so the court can determine the expert's status. That holding was expanded to apply to retained or specially employed experts in *Bergeson v.*

*Dilworth*, 749 F.Supp. 1555, 1565 (D.Kan. 1990). These holdings, coupled with the subsequent enactment of Rule 26(b)(5), leave little doubt that plaintiffs were required to disclose their relationship with Dr. Schneider and the existence of his report. They were not, however, required to reveal his identity. *See Ager*, 622 F.2d at 502–03.

The comments to Rule 26(b)(5) provide some guidance as to application of rule and the intended consequences of a failure to comply:

> Paragraph [26(b)](5) is a new provision. A party must notify other parties if it is withholding materials otherwise subject to disclosure under the rule or pursuant to a discovery request because it is asserting a claim of privilege or work product protection. To withhold materials without such notice is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection.

> The party must also provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection. Although the person from whom the discovery is sought decides whether to claim a privilege or protection, the court ultimately decides whether, if this claim is challenged, the privilege or protection applies. Providing information pertinent to the applicability of the privilege or protection should reduce the need for in camera examination of the documents.

> The rule does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection. Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories....

> The obligation to provide pertinent information concerning withheld privileged materials applies only to items "otherwise discoverable." If a broad discovery re-

quest is made—for example, for all documents of a particular type during a twenty year period—and the responding party believes in good faith that production of documents for more than the past three years would be unduly burdensome, it should make its objection to the breadth of the request and, with respect to the documents generated in that three year period, produce the unprivileged documents and describe those withheld under the claim of privilege. If the court later rules that documents for a seven year period are properly discoverable, the documents for the additional four years should then be either produced (if not privileged) or described (if claimed to be privileged).

Fed.R.Civ.P. 26 advisory committee's note.

■ Plaintiffs do not address Rule 26(b)(5) other than to assert that their answers to defendant's discovery requests were true when given because they did not contact Dr. Schneider until after they answered defendant's requests. They also assert that they were not required to supplement their answers after contacting Dr. Schneider because he was either retained in anticipation of litigation or informally consulted and, in either instance, defendant would not be permitted to conduct discovery of him related to this lawsuit. *See Ager*, 622 F.2d at 500–01 (no discovery may be conducted of an informally consulted (category 3) expert and exceptional circumstances are required to obtain discovery of a retained or specially employed (category 2) expert).

Although it may ultimately be determined that because of the nature of his relationship with plaintiffs, Dr. Schneider's identity and his report were not discoverable, Rule 26(b)(5) prescribes specific disclosures which must be made to exert a claim of privilege or work product. Under the new Rule 26 and the holdings of *Ager* and *Bergeson*, plaintiffs are not at liberty to make the determination of an expert's status unilaterally. We believe that when read in conjunction with Rule 26(e), Rule 26(b)(5) required plaintiffs to supplement their previous responses to defendant's discovery requests to at least categorically disclose their contact with Dr. Schneider.

■ Nonetheless, plaintiffs' listing of work product documents in their letter to defendant objecting to defendant's subpoena of Dr. Schneider, dated January 27, 1995, arguably disclosed the information required by Rule 26(b)(5). If defendant wished to challenge the sufficiency of plaintiffs' disclosure, the proper course was to file a motion to compel, rather than to proceed to depose Dr. Schneider without proper notice to plaintiffs. Waiver is not the automatic result of failure to comply with Rule 26(b)(5). *See Corrigan v. Methodist Hosp.*, 158 F.R.D. 54, 57 (E.D.Penn.1994); *Braun Medical Inc. v. Abbott Labs*, No. 93–3883, 1994 WL 422287 at *1 (E.D.Pa. July 6, 1994). Indeed, in the instant case, waiver would be an especially harsh sanction because defendant has made no showing of exceptional circumstances which would entitle defendant to discover facts or opinions related to Dr. Schneider's retention as an expert by plaintiffs in the instant case. We decline to hold, as urged by defendant, that plaintiffs' noncompliance with Rule 26(b)(5) constitutes waiver of the protection afforded expert witnesses in Rule 26(b)(4)(B) and entitles defendant to wholesale discovery of plaintiffs' retained or informally consulted expert.

Rather, we believe that in the instant case, defendant should still be required to establish exceptional circumstances before discovery of the facts and opinions held by Dr. Schneider related to the instant suit should be permitted. *See Ager*, 622 F.2d at 500–01. In *Ager*, the court held:

> [T]he identity, and other collateral information concerning an expert who is retained or specially employed in anticipation of litigation, but not expected to be called as a witness at trial, is not discoverable except '. . . upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.' . . . *The party 'seeking disclosure under Rule 26(b)(4)(B) carries a heavy burden' in demonstrating the existence of exceptional circumstances.*

*Ager*, 622 F.2d at 503 (emphasis added).

■ Defendant has not demonstrated exceptional circumstances warranting the re-

quested discovery. Defendant does not allege unavailability of other experts on the issues involved in this case. Indeed, defendant has designated an expert other than Dr. Schneider for trial. In addition, although Dr. Schneider was known to defendant well before commencement of the instant suit, defendant did not contact him until January 24, 1995, well after the deadline for expert designation and the close of discovery. Accordingly, the portion of defendant's motion seeking discovery of Dr. Schneider's expert opinions on this case will be denied.

■ Defendant makes a final request to depose Dr. Schneider regarding his relationship with plaintiffs. Defendant urges that it should not be required to take plaintiffs' word that Dr. Schneider was retained in anticipation of litigation. We agree in principle that a party who challenges the claimed status of an expert is generally entitled to at least an in camera determination of the expert's status. *See id.* at 502. However, in the instant case, it would serve no purpose to permit such an inquiry. From the defendant's vantage point, the best that could be determined is that Dr. Schneider was neither "retained" nor "consulted" by plaintiffs in relation to the instant suit. In that instance, Dr. Schneider's knowledge would be freely discoverable. *Id.* at 500–01. However, as we have already held, discovery on that basis is precluded as untimely. Consequently, the portion of defendant's motion seeking discovery regarding plaintiffs' relationship with Dr. Schneider will be denied.

■ Plaintiff's request for an award of the costs associated with responding to the instant motion is also denied. The court does not condone defendant's actions in attempting to subpoena Dr. Schneider and his report without court approval, after having been advised of his relationship with plaintiffs and after the close of discovery. *See Durflinger v. Artiles,* 727 F.2d 888, 891 (10th Cir.1984) ("unorthodox" attempt to use opponent's expert report violated Rule 26). However, plaintiffs also failed to properly supplement their discovery responses in light of Rule 26(b)(5). Under the circumstances, each side should bear its own costs.

IT IS THEREFORE ORDERED that defendant's motion for leave to conduct limited discovery (Doc. # 82) is denied.