**EASTERN TECHNOLOGIES, INC.**

v.

**CHEM–SOLV, INC. t/d/b/a Chemicals and Solvents, Inc., Harry S. Weaver, III, and Waterchem Manufacturing, Inc.**

Civ. A. No. 88–4603.

United States District Court,
E.D. Pennsylvania.

Oct. 23, 1989.

David M. Kozloff, Wyomissing, Pa., for plaintiff.

James M. McMaster, Newtown, Pa., for defendant Chem–Solv.

David A. Baun, Doylestown, Pa., for defendants Weaver and Waterchem.

OPINION AND ORDER

VAN ANTWERPEN, District Judge.

This matter comes before the court upon the defendant Chem–Solv, Inc.'s ("Chem–Solv") motion to compel the production of certain documents by plaintiff Eastern Technologies, Inc. At issue is the production of the complete minutes of the Meeting of the Board of Directors of Eastern Technologies, Inc., held on May 9, 1988. Plaintiff is willing to provide only an expurgated version of these minutes, claiming that portions of these minutes are protected by the attorney-client privilege. The issues presented by this motion to compel are whether plaintiff has waived this privilege and, if not, whether plaintiff may validly claim it.

The Federal Rules of Civil Procedure require a party to respond to a request to produce within thirty days. Fed.R.Civ.P. 34(b). The Rule further states:

The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If objection is made to part of an item or category, the part shall be specified.

Claims of privilege can be the basis for an objection. Likewise, a party can claim privilege by means of a request for a protective order made pursuant to Fed.R. Civ.P. 26(c). In the instant case, the plaintiff neither specifically raised a claim of privilege *via* an objection nor requested a protective order. Plaintiff's response contained copies of the minutes in question with substantial portions deleted. No explanation as to the rationale behind these deletions was provided until counsel for Chem–Solv objected and plaintiff's counsel, by letter dated June 20, 1989, to Chem–Solv's counsel, explained that deletions had been made of portions protected by the attorney-client privilege.

█ The first issue presented for our consideration is whether the plaintiff has waived the privilege claimed by failure to raise a timely objection. The implications of such failure were discussed in some detail in *Boselli v. Southeastern Pennsylvania Transportation Authority*, 108 F.R.D. 723, 726 (E.D.Pa.1985):

The failure to object to a discovery request in a timely fashion may constitute a waiver of the objection. *Pension Benefit Guaranty Corp. v. Pincus, et al.*, C.A. No. 83–5244 [1984 WL 2721] (E.D.Pa. May 21, 1984) (Newcomer, J.). However, it is within the Court's discretion not to compel discovery which is patently improper. Courts generally consider the reasons for the failure to respond to a discovery request and reserve the harshest sanctions only for the most flagrant violations. *General Accident Ins. Co. of America v. Fidelity and Deposit Co. of Maryland, et al.*, C.A.

No. 83–3223 [1984 WL 2736] (E.D.Pa. March 19, 1984) (Pollak, J.). The principle that the failure to timely object to a discovery request constitutes a waiver of the objection has been applied with particular regularity when the objections relate solely to the relevance or burdensomeness of the discovery request. *Northfleet Corp. v. Consolidated Rail Corp.*, C.A. No. 83–2992 [1984 WL 2615] (E.D.Pa. April 27, 1984) (Pollak, J.).

It is not that we think that the discovery requested is "patently improper"; rather, we think that, given the specific circumstances of this individual case, the failure to object is not such a "flagrant violation" as to warrant "the harshest sanctions." Also, the objection belatedly raised does not relate merely to relevance or to burdensomeness.

Among the cases cited by Chem–Solv in support of its argument that the failure to claim the attorney-client privilege in writing operates as a complete waiver of such claim is *United States v. O'Neill*, 619 F.2d 222 (3d Cir.1980). The privilege at issue in *O'Neill* was executive privilege. The Third Circuit, in *O'Neill*, 619 F.2d at 225–26, made brief reference in the following paragraph to Fed.R.Civ.P. 34(b):

When a request for relevant documents or information is made, a claim of privilege should be interposed judiciously and not casually. Under ordinary circumstances, objection to production of documents on the ground of privilege should be made in writing. The same rationale for requiring that a party objecting to a request for production of documents under Fed.R.Civ.P. 34(b) must submit a written response specifying the objection to each category applies equally to the response to a subpoena duces tecum. This gives each party the opportunity to analyze the request and the corresponding objection, and gives the court a fuller record on which to base its ruling. It also provides some assurance that the party asserting the privilege has directed his or her attention to the scope of the claim being asserted.

Nothing in *O'Neill* addresses the problem presented by the instant case. It is not stony silence that has met Chem–Solv's discovery request. A document was produced, albeit expurgated and without explanation as to the expurgation. Whether such response merits an interpretation that the attorney-client privilege has been waived is at the heart of the instant case. The reference in *O'Neill* stands only for a general proposition. Unfortunately, the unique facts of the instant case make such a general proposition of limited help.

Fed.R.Civ.P. 37(d) reads in pertinent part: "If a party ... fails ... (3) to serve a written response to a request for inspection submitted under Rule 34, ..., the court in which the action is pending on motion may make such orders in regard to the failure as are just, ..." In the instant case, we do not have a complete failure to respond. We believe that, in producing the minutes in question, the plaintiff was trying to make a good faith effort to comply with discovery. From the gaps that existed in the pages submitted, it would be reasonable for a reader to assume that some sort of privilege was being exercised. We in no way condone the plaintiff's failure to state the nature of the privilege claimed by way of objection or by motion for protective order. We believe, however, that the nature of the plaintiff's transgression is not so severe that we should mandate the disclosure of those parts of the minutes which the plaintiff has sought to protect through expurgation.

In addition to arguing that the plaintiff has waived its attorney-client privilege by failure to follow Fed.R.Civ.P. 34(b), Chem–Solv also argues that the plaintiff's chairman, at a preliminary injunction hearing, held before this court on June 19, 1989, revealed "more than the existence of allegedly privileged communications. Actual information as to the contents of the allegedly privileged communication has been revealed." *Letter Brief of Chem–Solv, dated August 11, 1989.* When such circumstances are alleged, the general rule has been stated as follows:

> The general rule is that the privilege with respect to communications between a client and his attorney is the privilege of the client alone, and that it may be voluntarily waived by the client testifying or otherwise alluding to the substance or content of the privilege communication, *Hunt v. Blackburn,* 128 U.S. 464, 9 S.Ct. 125, 32 L.Ed. 488 (1888).

*Malco Manufacturing Company v. Elco. Corporation,* 307 F.Supp. 1177, 1178 (E.D. Pa.1969).

In *Malco,* the court had before it the answers to interrogatories which were said to divulge the information as to which the attorney-client privilege was later claimed. In the instant case, we have only Chem–Solv's assertion that the plaintiff's chairman testified as to the content of privileged communications. No transcript, with appropriately marked pages, has been provided for our review. We, therefore, cannot confirm the accuracy of Chem–Solv's representation. Since we are unable to do that, we must discount this argument in favor of waiver.

■ In the foregoing part of this opinion, we have decided that the plaintiff has not waived the attorney-client privilege which it seeks to use to prevent disclosure of the full version of the minutes in the instant case. The next issue which we must address is whether the unexpurgated version of the minutes contains material protected by the attorney-client privilege.[1]

The instant case is founded upon the diversity jurisdiction of this court. 28 U.S.C. § 1332(a). A Federal court, sitting in diversity, must apply state law with regard to attorney-client privilege. Fed.R. Evid. 501; *see also In Re Westinghouse Electric Corp., etc.,* 76 F.R.D. 47 (W.D.Pa.

---

1. The version of the minutes originally submitted by the plaintiff in response to Chem–Solv's request for production of documents did not include reference to the presence of Jim Fegley, the attorney for the plaintiff. The versions of the minutes which the parties are asking us to review now are the ones submitted by the plaintiff as exhibits A and B to a Letter Brief, dated August 10, 1989. Both Exhibits A and B include reference to the presence of Mr. Fegley.

1977). In the instant case, Pennsylvania law is the law to be applied.[2]

Attorney-client privilege is governed in Pennsylvania by 42 Pa.Cons.Stat.Ann. § 5928 (Purdon 1982). That statute reads: "In a civil matter counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be compelled to disclose the same, unless in either case this privilege is waived upon the trial by the client." This statute has been read also to include "all confidential professional communications from the attorney to the client, to the extent that such communication is based on confidential facts disclosed to the attorney by the client. [Citations omitted]." *In Re Westinghouse Electric Corp., Etc.*, 76 F.R.D. at 56.

This statute is fundamentally a codification of the common law attorney-client privilege. One of the most widely quoted and authoritative statements regarding the common law privilege has been made by Judge Wyzanski in *United States v. United Shoe Machinery Corporation*, 89 F.Supp. 357 (D.Mass.1950). That opinion stated:

> The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

**2.** We have no doubt that Pennsylvania law applies. The attorney-client relationship arose in Pennsylvania where the attorney was retained and consulted. The Board meeting was held in Morgantown, Pennsylvania. The plaintiff is a Pennsylvania corporation having its principal place of business in Morgantown, Pennsylvania. It would appear that Pennsylvania's conflicts of

*Id.* at 358–59 (quoted in and adopted by *In Re Westinghouse Electric Corp., Etc.*, 76 F.R.D. at 56.)

A corporation, as well as an individual client, may avail itself of the attorney-client privilege. *Radiant Burners, Inc. v. American Gas Association*, 320 F.2d 314 (7th Cir.1963); *Cohen v. Uniroyal, Inc.*, 80 F.R.D. 480 (E.D.Pa.1978). We have reviewed the unexpurgated minutes *in camera*, as requested by the parties. We have concluded that the expurgations made do fit the attorney-client privilege criteria enunciated above. We, therefore, hold that the expurgated version is the one to be properly released to Chem–Solv.

An appropriate order follows.

### ORDER

AND NOW, this 23rd day of October, 1989, upon consideration of the defendant Chem–Solv, Inc.'s Motion to Compel, and the plaintiff's response thereto, it is hereby ORDERED that said motion is DENIED and the expurgated minutes alone shall be provided to defendant Chem–Solv, Inc.

law methodology, combining interest analysis and Restatement Second of Conflicts of Laws "contacts" theory, would lead to the conclusion that Pennsylvania would be the state most interested in having its law applied and that Pennsylvania had the most "contacts" with the instant litigation.