Paul SCATURRO and Gina
Scaturro, Plaintiffs,

v.

WARREN AND SWEAT MANUFACTUR-
ING COMPANY, INC., Defendant.

Civ. A. No. 94–0295.

United States District Court,
M.D. Pennsylvania.

Feb. 14, 1995.

Michael J. Dunn, Murphy and O'Connor, Philadelphia, PA, for plaintiffs.

Patrick C. Carey, Robert E. Smith, Fine, Wyatt & Carey, Scranton, PA, for defendant.

### MEMORANDUM AND ORDER

RAYMOND J. DURKIN, United States Magistrate Judge.

Before the court is plaintiffs' motion to compel specific responses to interrogatory numbers 11 and 23 and responses to request for production of documents addressed to defendant.

This is an action to recover damages for personal injuries suffered by plaintiff Paul Scaturro when a ladder, manufactured by defendant, allegedly failed, throwing plaintiff, Paul Scaturro, to the ground. The complaint contains a negligence count in which plaintiffs allege that the defendant was negligent in the design, inspection, assembly, selection of component parts, warnings and manufacture of the ladder. The complaint also contains counts in strict liability, breach of implied warranty and loss of consortium.

On July 18, 1994, plaintiffs forwarded interrogatories (Set I) to counsel for defendant. On or about September 23, 1994, defendant's counsel forwarded answers and objections to the interrogatories. With respect to interrogatories numbers 11 and 23 which are here

in dispute, the interrogatories and the answers thereto are as follows:

11. Has anyone other than the plaintiff ever been injured in the use of the subject product or products of the same model type, and if so, state that identity of said individual, identify all reports of incidents, accidents, or injuries, whether any lawsuit was instituted by said individual and court term and number, caption, identity and location of each lawsuit instituted.

ANSWER: Objection. Overly broad and unduly burdensome. As the within Defendant has no knowledge as to how plaintiff's accident allegedly occurred, this is no way for the within Defendant to be able to identify similar incidents which the within Defendant would limit its responses to. If Plaintiff would provide a reasonable description of the incident and how it occurred and the precise type of defect, the within Defendant will attempt to comply which would be from memory only as the within Defendant maintains no records of any such actions.

23. Identify fully all modifications or altercations to this model type product from the date that they were first manufactured to the present, stating for each modification its purpose and effect: who prepared and designed the modification or alteration; the location on model type product where the modification or alteration was made; stating whether owners of the products were notified of each such notification or alteration and, if so, state fully the means of notification, identifying all documents, if applicable, relating to the notification to the owners of subject product; the date of change or alteration; and an exact description of the change or alteration including the procedure by which the change of alteration was accomplished.

ANSWER: Objection. Overly broad and unduly burdensome. There have been many changes to the product as it has evolved. Without knowing how the accident occurred or what part of the product which the plaintiff claims to be defective, the within Defendant cannot reasonably comply. If the plaintiff will narrow the scope of this Interrogatory, the within defendant will attempt to comply.

Defendant's objections were based in part on the fact that it did not know how the accident was alleged to have occurred. On October 14, 1994, plaintiffs answered defendant's interrogatories and in Interrogatory Number 21 set forth the following as to how the accident occurred:

21. In as much detail as possible, kindly state how the within accident occurred. I read all of the instructions enclosed with the tree ladder and assembled the product according to the instructions. Thereafter, I climbed up the treestand and slowly removed the belt from the rachet until it was unfastened from around the top of the stand. I started down the ladder very slowly and carefully. All of a sudden, the ladder spun around the side of the tree causing the stand to fall to the ground with me on it. I fell on my back and leg.

Also on October 14, 1994, plaintiffs forwarded a request for production of documents to counsel for the defendant. At the time of the filing and the motion of this case, the defendant apparently had not responded to the motion for production of documents.

■ Turning first to the interrogatories, defendant argues that plaintiffs seek to compel disclosure of information concerning other similar accidents regarding the same type of ladder allegedly involved in this action. Defendant argues however that it is well settled that evidence of similar accidents is admissible so long as the past incidents are "substantially similar" to the incident in question. Defendant argues that unless it is provided with enough information regarding how this incident occurred and precisely what defects plaintiffs are alleging, it is not in a position to determine if there are other incidents which are "substantially similar." Defendant argues that the allegation in plaintiffs' complaint that the "ladder failed" is insufficient to notify defendant as to how the accident allegedly occurred, and plaintiffs' description in answer to interrogatory number 21 is also insufficient to show precisely how the accident occurred with the result that the defendant is unable to undertake an investigation to determine whether it has any

records concerning "substantially similar" accidents.

Defendant's argument is grounded upon the *admissibility* of evidence of past incidents which requires that such past instances be "substantially similar." However as Rule 26(b) Fed.R.Civ.P. makes clear, a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending litigation, and the information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. As plaintiffs point out, both interrogatories request information solely concerning the same type model ladder as involved in the incident in question, such as the reports of other incidents and/or any lawsuits with the ladder. The requested information concerning modifications or alterations is also limited to this model type ladder. Plaintiffs state that they are not asking for all information concerning every model type ladder manufactured by defendant, but only similar make tree ladder stands. This information is relevant to the subject matter of the lawsuit and the information sought appears reasonably calculated to lead to the discovery of admissible evidence. The motion to compel will therefore be granted with respect to these interrogatories.

■ As noted above, plaintiffs also seek to compel responses to their request for production of documents served on or about October 14, 1994 and, relying on *Renshaw v. Ravert,* 82 F.R.D. 361 (E.D.Pa.1979), argue that since there has been no response within the 30 day time limit established by Rule 34, Fed.R.Civ.P., the defendant has waived any objections it may have to the request for production of documents.

It is not clear from either defendant's responsive brief or plaintiffs' reply brief whether a response to the production request has been made. In any event, plaintiff is entitled to a response and thus the motion to compel will be granted.

However, with respect to the question of waiver, if the responding party fails to make a timely objection, or fails to state the reason for an objection, he *may* be held to have waived any or all of his objections. *See 4A Moore's Federal Practice,* ¶ 34.05[2]; *Marx v. Kelly, Hart & Hallman, P.C.,* 929 F.2d 8 (1st Cir.1991). However, Rule 34 does not by its terms provide that objections will be deemed waived; rather, a waiver appears to be more in the nature of a sanction for more egregious conduct. The above authorities indicate that the party who fails to make a timely objection "may" be held to have waived his objections. Moreover, in *Marx,* supra, it was pointed out that the plaintiff had not only failed to register any objection to the discovery request within the appropriate period following the initial request, but also subsequently failed to object within the time period defined by the court's order compelling discovery, and did not, within that period, seek relief from the *court's waiver order.*

In the present case, there is nothing in the briefs of the parties which would indicate conduct of the type for which defendant should be held to have waived objections. Rather, it appears that there has simply been an untimely response. Under these circumstances, at this point, the defendant should not be held to have waived any objections to the production requests.