Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued September 11, 2003        Decided November 4, 2003

No. 02-5210

UNITED STATES OF AMERICA,
APPELLEE

v.

PHILIP MORRIS INCORPORATED, ET AL.,
APPELLEES

BRITISH AMERICAN TOBACCO (INVESTMENTS) LTD., DIRECTLY AND AS SUCCESSOR TO BRITISH-AMERICAN TOBACCO COMPANY, LTD.,
APPELLANT

———

Appeal from the United States District Court
for the District of Columbia
(99cv02496)

———

*Bruce G. Sheffler* argued the cause and filed the briefs for appellant. *Garyowen P. Morrisroe* and *Timothy M. Hughes* entered appearances.

———

Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

*Sharon Y. Eubanks*, Director, U.S. Department of Justice, argued the cause for appellee. With her on the brief were *Stephen D. Brody*, Deputy Director, and *Daniel K. Crane–Hirsch* and *Meredith L. Burrell*, Trial Attorneys.

Before: EDWARDS, RANDOLPH, and TATEL, *Circuit Judges.*

Opinion for the Court filed by *Circuit Judge* RANDOLPH.

RANDOLPH, *Circuit Judge*: On the motion of British American Tobacco (Investments) Ltd.—BATCo—for an emergency stay pending its interlocutory appeal, we upheld our jurisdiction over the appeal, entered a stay of the district court's orders requiring the production of a document—the Foyle Memorandum—and set the case down for expedited consideration. *United States v. Philip Morris Inc.*, 314 F.3d 612 (D.C. Cir. 2003). The issue is whether the district court should have ruled on the applicability of BATCo's general objections before determining that the company had waived its claim of attorney-client privilege with respect to the Foyle Memorandum.

I.

The facts of the case are thoroughly set forth in the court's opinion in *Philip Morris Inc.*, from which we quote:

"Appellee, the United States of America, initiated this lawsuit against BATCo and five other tobacco companies in September 1999 alleging that defendants violated the civil provisions of RICO, 18 U.S.C. §§ 1961–68 (2000), by engaging in 'a pattern of racketeering activity' to 'conceal the health risks of cigarette smoking and the addictiveness of nicotine.' The government further alleges, in relevant part, that defendants have 'destroy[ed] and conceal[ed] documents' and taken 'other steps to shield documents and materials from discovery.' As a remedy, the government seeks, *inter alia,* disgorgement of defendants' profits and recovery of the medical costs of the tobacco companies' customers.

"The parties exchanged Comprehensive Requests for Production on August 22, 2000. The government requested that the defendants produce '[a]ll documents relating to record-

creating, record-keeping, record-retention, record dissemination or distribution, and/or record-destruction policies, practices, and procedures . . . in any part of your organization that has or had responsibility for . . . research concerning smoking and health or addiction.'  On November 6, 2000, BATCo responded to the government's document requests, and objected, *inter alia*, to producing any documents created prior to August 19, 1994, except those contained in the Guildford Depository in England (the 'Guildford objection'). The Depository was established in response to a parallel action filed against the same defendants by the State of Minnesota and contains over one million documents. *State of Minnesota v. Philip Morris, Inc.*, No. C1–94–8565 (Minn. Super. Ct. 1994).  BATCo also objected to producing any documents in the possession of third parties if the documents were not also in BATCo's possession, custody, or control (the 'third-party objection').

"In March 2002, the Supreme Court of Victoria, Australia, publicly released a decision regarding discovery in a case involving W.D. & H.O. Wills ('Wills'), an Australian subsidiary of British American Tobacco Australia Services Limited ('BATAS'), in which BATCo has a minority ownership interest. *McCabe v. Brit. Am. Tobacco Austl. Servs., Ltd.*, (2002) V.R. 73.  The decision quotes extensively from a March 1990 memorandum prepared for Wills by an attorney at the British law firm Lovell, White & Durrant ('Lovell'), in its capacity as counsel for Wills and BATCo (the 'Foyle Memorandum' or 'the memo').  *See id.*  The Foyle Memorandum advises Wills on modifying its document retention policy in light of increasing litigation against tobacco companies in the United States and Australia.

"Subsequent to the *McCabe* decision's release, the government requested by letter that BATCo produce the Foyle Memorandum.  BATCo responded that it had been 'unable to locate the document[ ], or any evidence that plaintiff selected [it] for production.'

"On May 28, 2002, during the deposition of former BATCo CEO Ulrich Herter, government counsel requested the 'im-

mediate production' of the Foyle Memorandum so it could be used to refresh Herter's recollection. When BATCo's counsel declined, government counsel initiated an emergency teleconference with the district court to determine whether BATCo was required to immediately produce the Foyle Memorandum. During the teleconference, BATCo contended that the document was covered by the Guildford objection and informed the Court that it did not even know if the document was in its possession. Moreover, BATCo argued that the Foyle Memorandum was protected by the attorney-client privilege. The district court did not address BATCo's Guildford and third-party objections. Instead, the court ruled that BATCo had waived any claim of attorney-client privilege because the memo had not been listed in BATCo's privilege log. The court added that BATCo was free to re-litigate the underlying facts of the order before the Special Master in the case. The following day, the district court issued a written order memorializing the telephone ruling and requiring BATCo to produce the memo 'if the document is in the control or possession of BATCo,' and to make 'all reasonable effort to locate' it. *United States v. Philip Morris Inc.*, No. 99–2496 (D.D.C. May 29, 2002) ('Order 157').

"On May 30, 2002, BATCo and the government twice appeared in telephonic conferences before the Special Master in which BATCo sought to attack Order 157. Although the argument in the first conference is not part of the record, BATCo appears to have raised its Guildford and third-party objections in this conference. *See* Oral Rep. and Recom. 56 at 35 (BATCo counsel raising objection in context of 'reiterat[ing] what I said this morning'). It definitely raised them in the second conference. *See id.* at 35, 43. Like the district court, the Special Master did not address these objections. Instead he concluded that, because the Foyle Memorandum was in the possession of Lovell, it was 'within the control and possession of BATCO' and thus required to be logged in the privilege log. Oral Rep. and Recom. 55 at 11. The Special Master therefore recommended that the district court issue an 'order of further compliance' so that BATCo would immediately produce the memo. *Id.*

"BATCo then submitted to the district court a sealed copy of the Foyle Memorandum and moved the district court to reconsider its orders compelling production. BATCo again urged the court to consider its Guildford and third-party objections before requiring BATCo to produce or log the Foyle Memorandum. *See* BATCo Br. in Supp. of Mot. for Recons. at 14. On July 2, 2002, the court denied the motion to reconsider and ordered BATCo to produce the memo within two days. *United States v. Philip Morris Inc.,* No. 99–2496 (D.D.C. July 2, 2002) (order compelling production). The court held that because BATCo had 'knowledge and possession' of the Foyle Memorandum 'by at least February of 2002,' BATCo was required under Federal Rule of Civil Procedure 26(e), to 'identify and/or designate the document' as privileged at that time. *Philip Morris,* No. 99–2496, slip op. at 4 (D.D.C. July 2, 2002) (memorandum opinion accompanying order). Thus, the court concluded that BATCo's failure to list the memo on the privilege log waived BATCo's attorney-client privilege claim. *Id.* at 4–5. The court did not further address BATCo's objections." 314 F.3d at 615–16.

## II.

Rule 34(b) of the Federal Rules of Civil Procedure requires a party who objects to a document request to state "the reasons for the objection." FED. R. CIV. P. 34(b). If the party withholds "otherwise discoverable" documents on the basis of privilege, "the party shall make the claim expressly and shall describe the nature of the documents . . . in a manner that, without revealing information itself privileged . . ., will enable other parties to assess the applicability of the privilege. . . ." FED. R. CIV. P. 26(b)(5). BATCo never did any of this with respect to the Foyle Memorandum. The question is whether it was required to do so in order to preserve its attorney client privilege claim. *See* 8 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2016.1 (2d ed. 1994).

Rule 26(b)(5) requires the party to note its privilege objection and to describe the document only when the document is

"otherwise discoverable." This means, as the 1993 Advisory Committee Notes to Rule 26(b)(5) explain, that if a broad discovery request includes an allegedly privileged document, and if there is an objection to the scope of the request, the court should first decide whether the objection covers the document. If the court finds that the document is within the scope of the objection, and the court overrules the objection, it must then give the party an opportunity to list the document on a privilege log pursuant to Rule 26(b)(5). "In short, if a party's pending objections apply to allegedly privileged documents, the party need not log the document until the court rules on its objections." *Philip Morris*, 314 F.3d at 621. On the other hand, if the court determines that the objection does not cover the allegedly privileged document, or that the objection was not made in good faith as Rule 26(g) requires (FED. R. CIV. P. 26(g)), the court may then decide whether the party should be deemed to have waived the privilege. Waiver is not automatic, particularly if the party reasonably believed that its objections applied to the document. "As the federal rules, case law and commentators suggest, waiver of a privilege is a serious sanction most suitable for cases of unjustified delay, inexcusable conduct, and bad faith." *First Sav. Bank, F.S.B. v. First Bank Sys., Inc.*, 902 F. Supp. 1356, 1361 (D. Kan. 1995); *see* 8 CHARLES ALAN WRIGHT ET AL., *supra*, at 234–35.

BATCo presents three objections that, it claims, covered the Foyle Memorandum. Two are mentioned above: the Guildford objection and the third-party objection. The third is what we shall call the foreign objection: BATCo objected to producing documents "pertaining to the manufacture, advertising, marketing, promotion or sale of tobacco products not sold in the United States or activities of any kind undertaken for markets outside the United States." During the emergency teleconference, BATCo specifically mentioned only its Guildford objection. The district court then said that "because this is being brought as an emergency matter and because I am relying on the oral representations of counsel, if, after serious examination and thought is given to this by the parties, if one party believes that the representations

made to me in this call were truly inaccurate, then that party is certainly free to litigate the issue on the first level" before the special master. In later proceedings before the special master, BATCo referred in general terms to its third-party and foreign objections as additional reasons for not producing the Foyle Memorandum.

Where does this leave us? Given the considerable discretion district courts have in managing discovery, *see, e.g., Food Lion, Inc. v. United Food & Commercial Workers Int'l Union*, 103 F.3d 1007, 1012 (D.C. Cir. 1997), we are reluctant to sort this out for the first time at the appellate level. It should be for the district court to decide whether any of BATCo's three objections covered the Foyle Memorandum; whether waiver was an appropriate sanction if no objection applied; and whether, if an objection did apply, it should be overruled, in which event BATCo must have the opportunity to log its privilege claim pursuant to Rule 26(b)(5) or to produce the document.

The orders requiring production of the Foyle Memorandum are vacated and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*