Marc **FAGAN**, et al., Plaintiffs,

v.

The **DISTRICT OF COLUMBIA** and Andrew E. Jenkins, Superintendent, D.C. Public Schools, Defendants.

Civ. A. No. 90–371 SSH.

United States District Court, District of Columbia.

April 3, 1991.

Beth Goodman, Bradford P. Johnson, Washington, D.C., for plaintiffs.

Richard Douglas Albright, Office of Corp. Counsel, D.C., Washington, D.C., for defendants.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

This case is before the Court on plaintiffs' motion to compel answers to interrogatories and for attorney's fees. Upon consideration of the motion, defendants' opposition, and the entire record, the Court grants the motion to compel in part and

denies it in part. The Court denies the motion for attorney's fees.

Plaintiffs, Marc Fagan and his parents, filed this action alleging that defendants have not complied with the requirements of the Education of the Handicapped Act (EHA) and requesting that this Court order defendants to place and fund Marc at the Somerset School. Defendants claim that they cannot place Marc at Somerset, a private school, because it is not under contract with the District of Columbia Public Schools (DCPS) and because the school does not have properly trained personnel.

Plaintiffs seek to compel defendants to answer certain interrogatories which defendants object to on the grounds of privilege and undue burden. Rule 26(b) of the Federal Rules of Civil Procedure permits broad discovery of "any matter, not privileged ... if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." The rule also provides a defense if the discovery is "unduly burdensome" or it is available from "some other source that is more convenient, less burdensome, or less expensive." Fed.R. Civ.Pro. 26(b)(1)(i), (iii). The Court addresses the interrogatories in separate groups according to the information sought.

*Interrogatories 2, 3, 4, 5, 6, 8, and 10*

These interrogatories seek information in four areas: private schools at which defendants fund handicapped children, the special education qualifications of teachers at those schools, the handicapping condition of the children, and the placement of children with conditions similar to Marc's. This information is relevant to plaintiffs' claim that failing to place Marc at Somerset constituted discrimination under the Rehabilitation Act and to defendants' contention that they could not place Marc at Somerset under federal and D.C. regulations.

Defendants claim that the information sought in interrogatories 2–6, 8, and 10 is privileged under the confidentiality requirements of the EHA, 20 U.S.C. § 1417(c); 34 C.F.R. §§ 300.562, 300.564, which prohibit agencies funded under the EHA from disclosing a handicapped stu-

dent's records to anyone other than the student's parents. This argument is not persuasive. Defendants can disclose the information that plaintiffs seek without disclosing the identities of particular handicapped students or any other personally identifiable information. Simply disclosing the fact that DCPS placed a child with a certain handicapping condition at a particular school will not breach the confidentiality of that child's records.

Defendants also claim that these interrogatories are unduly burdensome because thay require endless culling of files to tabulate the information. The mere fact that discovery requires work and may be time consuming is not sufficient to establish undue burden. *United States v. Nysco Labs.*, 26 F.R.D. 159, 16–62 (E.D.N.Y.1960). It is reasonable to expect defendants to have the information plaintiffs seek and for the information to be accessible in defendants' files. Plaintiffs should not suffer if the information is not easily accessible because defendants have an inefficient filing system. *See Kozlowski v. Sears, Roebuck and Co.*, 73 F.R.D. 73 (D.Mass.1976). Defendants suggest that plaintiffs' counsel could locate the information in the files as easily as defense counsel. Defendants' own privilege argument establishes that plaintiffs cannot be given access to the unredacted files. For these reasons, the Court grants plaintiffs' motion to compel answers to interrogatories 2–6, 8, and 10, and orders defendants to provide the information without disclosing the name or other personally identifiable information regarding any handicapped student.

*Interrogatories 11, 12, and 16 and Supp. 7, 8, and 9*

These interrogatories seek information regarding Marc Fagan. Defendants did not object to these interrogatories. However, plaintiffs seek to compel more thorough answers. The Court finds that defendants answered these questions sufficiently, and therefore it denies plaintiffs' motion to compel with regard to interrogatories 11, 12, and 16 and supplementary interrogatories 7, 8, and 9.

*Supp. Interrogatories 3, 4, 5, and 6*

■ These interrogatories seek the results of other challenges to defendants' placement decisions over the past five years. Interrogatories 3 and 4 request information regarding each instance in which a hearing officer at a due process hearing ordered defendants to fund a handicapped student at a school that lacked personnel with certification in the student's specific area of disability. Plaintiffs wish to discover the identity of the hearing officer, the name of the school, and the nature of the child's handicapping condition. Interrogatories 5 and 6 seek similar information regarding judicial decisions ordering the same type of placement.

Defendants raise the same privilege and undue burden objections and argue that the interrogatories require them to prepare plaintiffs' case. In this instance, the Court agrees with defendants. Plaintiffs' request is similar to interrogatories 2–6 but it seeks additional information regarding how an individual student received a specific placement. The answer requires defendants to examine and reveal the results of administrative and judicial proceedings. Plaintiffs contend that defendants "opened the door" to this discovery by arguing that they could not place Marc at Somerset under federal and D.C. law. They wish to show that hearing officers and reviewing courts have ordered placement at schools similar to Somerset in the past. Plaintiffs contend that they do not have access to the information because the administrative records are privileged and many of the judicial opinions are unpublished.

The Court finds that the process of locating the administrative and judicial orders basically involves legal research; therefore, it is not a proper subject of discovery. *See Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Moreover, the Court believes that the information provided in answer to interrogatories 2–6, 8, and 10 will enable plaintiffs to discover the answers it seeks here. Once defendants reveal whether they have placed any handicapped students at schools similar to Somerset, plaintiffs will have a starting point to

research whether the placement was voluntary or compelled. Thereafter, if necessary, plaintiffs could submit requests for admissions that would allow defendants to locate the information without searching through judicial and administrative opinions. Accordingly, the Court denies plaintiffs' motion to compel answers to supplementary interrogatories 3, 4, 5, and 6.

*Plaintiffs' Request for Attorney's Fees*

■ In connection with their motion to compel, plaintiffs move for attorney's fees under Fed.R.Civ.Pro. 37(a)(4). Although the Court does not accept defendants' privilege and undue burden arguments, it does not find those arguments entirely unreasonable. In addition, the Court finds no bad faith on defendants' part and concludes that the positions taken on this motion were substantially justified. The Court therefore denies plaintiffs' motion for attorney's fees.

*Conclusion*

The Court finds that the information sought in interrogatories 2, 3, 4, 5, 6, 8, and 10 is relevant to plaintiffs' claim and is not protected by privilege under the EHA. As to interrogatories 11, 12, 16, and supplementary interrogatories 7, 8, 9, and 10, the Court finds that defendants have complied substantially with plaintiffs' requests. Finally, the Court finds that the answers to supplementary interrogatories 3, 4, 5, and 6 require legal research, and therefore do not constitute a proper subject for discovery. Accordingly, it hereby is

ORDERED, that plaintiffs' motion to compel answers is granted as to interrogatories 2, 3, 4, 5, 6, 8, and 10 and denied as to interrogatories 11, 12, and 16 and supplementary interrogatories 3, 4, 5, 6, 7, and 9. It hereby further is

ORDERED, that plaintiffs' motion for attorney's fees is denied. It hereby further is

ORDERED, that before any further discovery motion in this case is filed, the parties shall certify that they have made a good faith effort to resolve the dispute. Failure to make a good faith effort at the

resolution of any further discovery dispute may result in sanctions.

SO ORDERED.