**Tommie JACKSON, Plaintiff,**

v.

**MONTGOMERY WARD & CO., INC., Defendant.**

No. CV–S–96–00362–LDG(RJJ).

United States District Court, D. Nevada.

June 18, 1997.

Keith M. Lyons, Jr., Law Office of Daniel Marks, Las Vegas, NV, for Plaintiff.

Keith C. Hult, Wildman, Harrold, Allen & Dixon, Chicago, IL, for Defendant.

## *ORDER*

JOHNSTON, United States Magistrate Judge.

This matter is before the Court on the Plaintiff's Motion to Compel Answers to Interrogatories and Response to Requests for Production of Documents (# 18). The Court has considered the Plaintiff's Motion, the Defendant's Opposition (# 19), and the Plaintiff's Reply (# 21).

## BACKGROUND

On June 20, 1996, the plaintiff, Tommie Jackson ("Jackson"), filed a complaint against the defendant, Montgomery Wards & Co., Inc. ("Montgomery Wards"), alleging racial discrimination and retaliation in employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The plaintiff, a black male, has been employed since 1981 as a sales associate at Montgomery Wards' Store Number 1555 in Las Vegas, Nevada. The plaintiff alleges that, while employed with the defendant, he has been subjected to racial harassment and discrimination by supervisors and other employees of the defendant, and denied promotions because of his race. Consequently, the plaintiff claims the right to compensatory and punitive damages. In response, the defendant has denied the plaintiff's allegations.

On September 25, 1996, the plaintiff served the defendant with his First Set of Interrogatories and First Request for Production of Documents. On November 11, 1996, the defendant served its Answers and Objections to Plaintiff's First Set of Interrogatories and First Request for Production of Documents. The defendant has objected to plaintiff's interrogatory number eight and requests for production number thirty and number thirty-one on the grounds that they are irrelevant, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

## DISCUSSION

■ Rule 26(b)(1) of the Federal Rules of Civil Procedure permits the discovery of any matter, not privileged, which is relevant to the subject matter involved in the pending action. This phrase has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. *Oppenheimer Fund. Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389–90, 57 L.Ed.2d 253 (citing *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947)); *Shoen v. Shoen,* 5 F.3d 1289, 1292 (9th Cir.1993) (wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth). Furthermore, relevant means germane and should not be read as meaning "competent" or "admissible." 8 Wright, Miller & Marcus, *Federal Practice and Procedure* Civil 2d § 2008. Thus, under FRCP 26(b)(1), it is not a ground for objection that the information sought would not be admissible at the trial, as long as it is reasonably calculated to lead to the discovery of admissible evidence. *Kerr v. United States Dist. Ct. For North. Dist. of Cal.,* 511 F.2d 192, 196 (9th Cir.1975), *aff'd,* 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976) (citing *Olympic Refining Company v. Carter,* 332 F.2d 260, 266 (9th Cir.1964)). Finally, in Title VII cases, courts should avoid placing unnecessary limitations on discovery. *Robbins v. Camden City Bd. of Educ.,* 105 F.R.D. 49, 55 (D.N.J.1985) (citing *Trevino v. Celanese Corp.,* 701 F.2d 397, 405 (5th Cir. 1983)).

■ However, the scope of discovery under the federal rules is not boundless; the requests must be relevant and cannot be unreasonably cumulative, duplicative, or unnecessarily burdensome in light of their benefit. Fed.R.Civ.P. 26(b)(2); *Oppenheimer* 437 U.S. at 352, 98 S.Ct. at 2390. A district court has broad discretion in controlling discovery, *Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir.1988), and in determining whether discovery is burdensome and oppressive. *Diamond State Ins. Co. v. Rebel Oil. Inc.,* 157 F.R.D. 691, 696 (D.Nev.1994). The court may also fashion any order which justice requires to protect a party or person from undue burden, oppression, or expense. *United States v. Columbia Broadcasting System, Inc.,* 666 F.2d 364, 369 (9th Cir.1982) *cert. denied,* 457 U.S. 1118, 102 S.Ct. 2929, 73 L.Ed.2d 1329 (1982).

### A. Motion to Compel

The plaintiff's interrogatory number eight provides as follows:

> *Interrogatory No. 8:* From January 1, 1985 to present, state whether the Defendant has ever been named a party to any action, whether administrative or judicial, (or was put on notice that such an action would be initiated), wherein the allegation of racial harassment or racial discrimination was raised concerning the Montgomery Wards Store the Plaintiff has been employed at, Store Number 1555 and, in so doing, state:
>
> (a) The name of each individual who named Defendant as a party or informed Defendant that he/she intended to do so;
>
> (b) The date on which the action was filed or on which the Defendant was put on notice that such an action would or might be filed;
>
> (c) The final disposition of the action or notice that such action would be pending; and (d) The docket number of any such action and the name of the court or administrative agency in which it was filed.

The defendant objected to this interrogatory on the grounds that it is irrelevant, overbroad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. The plaintiff, however, argues that information sought in interrogatory number eight is relevant to his discrimination claim.

In document requests thirty and thirty-one, the plaintiff seeks documents relating to other claims of racial discrimination at Montgomery Wards, Store Number 1555. In request number thirty, the plaintiff seeks copies of any complaints of racial discrimination or harassment from January 1, 1989, to the present, concerning any person employed by the defendant at Store Number 1555 made to

any person employed by the defendant. In request number thirty-one, the plaintiff seeks copies of any charges of racial discrimination or harassment filed with any government agency, including the Nevada Equal Rights Commission and the Equal Employment Opportunity Commission for the same time period. As with interrogatory eight, the defendant has objected to both document requests on the grounds that they are irrelevant, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

### 1. The Discovery Requests Are Relevant and Reasonably Calculated to Lead to Admissible Evidence

■ In his complaint, the plaintiff has pleaded a case of discrimination based on disparate treatment.[1] To prevail on this claim, the plaintiff must establish an inference of unlawful discrimination as follows: (1) that he belongs to a class protected by Title VII; (2) that he applied and was qualified for a job for which the employer was seeking applicants; (3) that, despite being qualified, the plaintiff was rejected; and (4) that, after the plaintiff's rejection, the position remained open and the employer continued to seek applicants from persons of comparable qualifications. *Diaz v. American Telephone & Telegraph*, 752 F.2d 1356, 1359 (9th Cir.1985) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973)). Once the plaintiff has made a prima facie showing, the burden then shifts to the defendant to articulate a legitimate nondiscriminatory reason for termination or rejection. *McDonnell Douglas Corp.*, 411 U.S. at 802, 93 S.Ct. at 1824. If the employer comes forward with a nondiscriminatory reason, the onus is on the plaintiff to show that the employer's reason is merely a pretext for invidious discrimination. *Id.* at 804, 93 S.Ct. at 1825.

■ It is in plaintiff's demonstration of pretext that other complaints of racial dis-

crimination become relevant. *Heyne v. Caruso*, 69 F.3d 1475, 1480 (9th Cir.1995) (evidence of sexual harassment of other employees was relevant to rebut employer's proffered reason for terminating plaintiff); *Estes v. Dick Smith Ford Inc.*, 856 F.2d 1097, 1103 (8th Cir.1988) ("It is difficult to say that a background of discrimination is not relevant to proving a particular instance."); *Lyoch v. Anheuser–Busch Companies, Inc.*, 164 F.R.D. 62, 70 (E.D.Mo.1995) (evidence of a pattern and practice of discrimination is relevant to an individual claim). Accordingly, discovery of prior complaints of discrimination is permitted in order to prove that the reasons articulated for an adverse employment action are a pretext for discrimination. See *Zahorik v. Cornell University*, 98 F.R.D. 27, 31 (N.D.N.Y.1983) (in a Title VII case, plaintiffs were entitled to discovery of prior instances of sex discrimination); *Kresefky v. Panasonic Communications and Systems Co.*, 169 F.R.D. 54, 67 (D.N.J. 1996) (Magistrate Judge did not abuse discretion in permitting limited discovery regarding prior complaints of discrimination); *Robbins*, 105 F.R.D. at 58 (plaintiff was permitted to propound interrogatories seeking information relating to prior instances of discrimination within certain parameters).

The rationale for permitting evidence of prior discrimination by an employer in a disparate treatment case decided by the Eighth Circuit is persuasive. *Estes*, 856 F.2d at 1103. In *Estes*, the court acknowledged that Title VII plaintiffs will often experience difficulty in rebutting with direct evidence an employer's account of its own motives for terminating or rejecting an employee, because "[d]efendants of even minimal sophistication will neither admit discriminatory animus nor leave a paper trial demonstrating it. . . ." *Id.* (quoting *Riordan v. Kempiners*, 831 F.2d 690, 697–698 (7th Cir.1987)). Therefore, the court concluded that because

---

1. In paragraph four of the complaint, the plaintiff alleges that "[d]uring the period of Plaintiff's employment with WARDS, he was subjected to Racial Harassment/Discrimination by supervisors and other employees and/or agents of the Defendant. In addition due to his race, black, he was denied promotions which were given to other, non-black, less qualified individuals." Also, in a document filed with the Nevada Equal Rights Commission, the plaintiff charged that he was treated adversely by the defendant because of his race.

there is no direct evidence available to prove discrimination, circumstantial proof may be critical for the jury's assessment of whether a given employer was more likely than not to have acted from an unlawful motive. *Id.; Hollander v. American Cyanamid Co.*, 895 F.2d 80, 85 (2nd Cir.1990) ("[D]isparate treatment plaintiffs often must build their cases from pieces of circumstantial evidence which cumulatively undercut the credibility of the various explanations offered by the employer.").

In a disparate treatment case, the scope of discovery must be broader than the specific individualized facts upon which the plaintiff's claim is based. In its opposition, the defendant states that it has produced all of the plaintiff's employment and disciplinary records, as well as records relating to employees involved in or with knowledge of the plaintiff's employment and disciplinary history. Therefore, the defendant argues, it has produced all documents relevant to the plaintiff's discrimination claim. The defendant's narrow concept of relevancy begs this court to impose unreasonable restrictions on discovery, thereby depriving the plaintiff of access to evidence that may be helpful to his discrimination claim. *See Hollander*, 895 F.2d at 84 (vacating summary judgment because the district court had placed improper restrictions on discovery which denied plaintiff access to evidence potentially helpful to his discrimination claim).

■ Under the Federal Rules, the scope of discovery is broad and discovery should be allowed unless the information sought has no conceivable bearing on the case. *Soto v. City of Concord*, 162 F.R.D. 603, 609 (C.D.Cal. 1995). Further, the information sought need not be admissible at trial, if it is reasonably calculated to lead to the discovery of admissible evidence. *Kerr*, 511 F.2d at 196–197; Fed.R.Civ.P. 26(b)(1). Contrary to the defendant's assertion, the plaintiff's discovery requests are sufficiently tailored to the issues in this case.

### 2. The Discovery Requests Are Not Overbroad

■ The plaintiff's requests are also within the proper temporal and geographical limitations. Interestingly, the cases cited by the defendants in opposition to the plaintiff's requests support this conclusion. In *McClain v. Mack Trucks, Inc.*, 85 F.R.D. 53, 62 (E.D.Pa.1979), the plaintiff propounded an interrogatory, requesting information regarding prior complaints of discrimination.[2] The district court affirmed the magistrate judge's order directing the defendant to answer interrogatory twenty-nine subject to the following provisions: (1) the answers shall be restricted geographically to the facility where the plaintiff was employed; (2) the answers must be limited to the time period of the plaintiff's employment; and (3) the answers shall be limited to the subject matter of racial discrimination. *McClain*, 85 F.R.D. at 62–63; *see also Robbins*, 105 F.R.D. at 58 (interrogatories were overbroad because they contained "no limitations with respect to time, type of action complained of . . ., or type of discrimination alleged. . . ."). In the instant case, the plaintiff's discovery requests are properly restricted to the time period of his employment at Montgomery Wards. Further, the plaintiff seeks only information regarding prior complaints of racial discrimination or harassment at Store Number 1555. Accordingly, the court finds that the plaintiff's interrogatory number eight and document requests numbers thirty and thirty-one are not overbroad.

### 3. The Discovery Requests Do Not Impose An Undue Burden On The Defendant

■ Finally, Rule 26(b)(2)(iii) expressly limits discovery where the burden or expense of the proposed discovery outweighs its likely benefit. The party claiming that a discovery

---

**2.** In *McClain*, the plaintiff's interrogatory twenty-nine, which was phrased more broadly than the discovery requests at issue in the instant case, provided:

(29.) Has Mack Truck, Inc. ever been sued for alleged discriminatory actions prior to the present litigation? If so, state:

(a) the court in which each action was instituted;
(b) the date the action was filed;
(c) the result of each case that has been concluded.

*McClain*, 85 F.R.D. at 61.

request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence. *Burton Mechanical Contractors, Inc. v. Foreman,* 148 F.R.D. 230, 233 (N.D.Ind.1992); *see, e.g., Coleman v. American Red Cross,* 23 F.3d 1091, 1098 (6th Cir.1994) (objection sustained where defendant specifically alleged that compliance would require searching every file in existence at company headquarters). The defendant has not specifically alleged how the plaintiffs requests are unduly burdensome. Furthermore, just because complying with a discovery request will involve expense or may be time consuming, does not make it unduly burdensome. *U.S. v. Nysco Laboratories, Inc.,* 26 F.R.D. 159, 161–162 (E.D.N.Y. 1960); *Fagan v. District of Columbia,* 136 F.R.D. 5, 7 (D.D.C.1991).

Nonetheless, the court, having reviewed the discovery requests, finds that the portion of interrogatory number eight which asks the defendant to state whether it "was put on notice that such an action (alleging racial harassment or racial discrimination) would be initiated" should be denied. As a practical matter, the defendant cannot be expected to recall each instance where a lawsuit or administrative action alleging racial discrimination was threatened, but not pursued.

For the foregoing reasons, the court finds that the plaintiffs motion to compel an answer to interrogatory number eight, as modified by the court, and responses to his requests for production of documents thirty and thirty-one should be granted.

### ORDER

Based on the foregoing and good cause appearing,

IT IS HEREBY ORDERED that Plaintiffs Motion to Compel Answers to Interrogatories and Response to Requests for Production of Documents (# 18) is GRANTED.

IT IS FURTHER ORDERED that the Defendant shall produce and answer on or before July 3, 1997.