Steve **MARENS**, Plaintiff,

v.

**CARRABBA'S ITALIAN GRILL, INC.**, Defendant.

No. CIV.A.WMN–99–1742.

United States District Court, D. Maryland.

Aug. 14, 2000.

Marc Greidinger, Springfield, VA, for plaintiffs.

Stephen S. McCloskey, Gerber & Simms, Baltimore, MD, William E. Sizemore, Thompson, Sizemore & Gonzales, P.A., Tampa, FL, for defendant.

## MEMORANDUM AND ORDER

GRIMM, United States Magistrate Judge.

Pending and ripe for resolution in this litigation stemming from the termination of plaintiff's employment by the defendant is plaintiff's second attempt to compel production of discovery in response to his requests for production of documents and interrogatories. The first motion was dismissed, without prejudice, for failure to comply with Local Rule 104.8. (Paper No. 32.) Counsel state that they now have complied with that rule, and the motion has been fully briefed. (Paper No. 44.) For the reasons stated below, the motion is GRANTED, in part, and DENIED in part, and plaintiff's request for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure is DENIED.

Preliminarily, while counsel are correct that the initial step in assessing the discoverability of facts is to determine from the pleadings what non-privileged facts are relevant to the litigation, see FED. R. CIV. P. 26(b)(1), there is an important second step neither discusses. Rule 26(b)(2) [1] of the Federal Rules of Civil Procedure 26 requires the court to balance various factors to determine just how much discovery is reasonable in a given case. This analysis is tailored to the particular needs of each case, and requires the court to consider both the importance of the discovery sought to the moving party, as well as the cost and burden to the producing party. The court is given great flexibility to order only that discovery that is

---

1. Rule 26(b)(2) of the Federal Rules of Civil Procedure states in part "[t]he frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."

reasonable for a case, and to adjust the timing of discovery and apportion costs and burdens in a way that is fair and reasonable. *See Zonaras v. General Motors Corp.*, No. C–3–94–161, 1996 WL 1671236, at *4 (S.D.Ohio Oct. 17, 1996) (allowing the plaintiff the requested discovery, but requiring pursuant to Rule 26(b)(2) that the plaintiff pay half the costs of producing the requested materials); *see also Clay v. Board of Trustees of Neosho County Comm. College*, Civ. A.No. 94–2282–EEO, 1995 WL 646817, at *2 (D.Kan. Sept. 26, 1995) (holding pursuant to Rule 26(b)(2) that the plaintiff may take an additional deposition but at his own expense).

As a further preliminary matter, with respect to assertions of unreasonable burden or expense, as well as privilege as a basis to refuse requested discovery, Rule 26(b)(5) of the Federal Rules of Civil Procedure and Discovery Guideline 9(c), *see* Local Rule App. A, impose an affirmative duty on the objecting party to particularize with facts, not conclusory statements, the basis for these objections. Thus, conclusory assertions of burden or cost are insufficient, *see Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D. 495, 498 (D.Md.2000) (citing *Coker v. Duke & Co.*, 177 F.R.D. 682, 686 (M.D.Ala.1998); *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 528–29 (D.Nev.1997)) ("The party claiming that a discovery request is unduly burdensome must allege specific facts that indicate the nature and extent of the burden, usually by affidavits or other reliable evidence"), and a party who assets a privilege but fails to demonstrate the applicability of that privilege fails to properly preserve it. *See Kelling v. Bridgestone/Firestone, Inc.*, 157 F.R.D. 496, 497 (D.Kan.1994) (citations omitted) ("A failure of proof as to any element of the privilege causes the claim of privilege to fail."); *see also Eureka Fin. Corp. v. Hartford Accident and Indemnity Co.*, 136 F.R.D. 179, 182–83 (E.D.Ca.1991) ("Whether a responding party states a general objection to an entire discovery document on the basis of privilege, or generally asserts a privilege objection within an individual discovery response, the resulting 'blanket objection' is decidedly improper."); *Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F.Supp. 1429, 1439–40 (D.Del.1989) (ordering a defendant to fully respond to interrogatories because its responses claiming privilege were "evasive and incomplete").

### 1. Defendant's privilege assertions.

In response to numerous discovery requests, the defendant asserted the attorney client privilege and work product doctrine. A privilege log was provided, exhibit D to plaintiff's motion, after the Court initially ruled that the defendant's privilege assertions failed to comply with Rule 26(b)(5) and Discovery Guideline 9(c). Plaintiff has challenged the sufficiency of defendant's assertions of these privileges.[2] In response, defendant has failed to demonstrate, in the face of plaintiff's challenge, why the attorney client privilege and work product doctrine apply to those documents described in the privilege log. Instead, defendant sweepingly asserts, at page 41 of its opposition memorandum, that a particularized showing that these privileges apply would be unduly burdensome to it. This will not do. The requirement to particularize the basis for assertions of the work product doctrine or attorney client privilege stems from the fact that there are many elements to each of these privileges, and a failure to show the existence of each element renders the privilege inapplicable, and moreover, even if applicable, privileges may be waived. It is appropriate for a party initially to assert privilege as a basis for refusal to produce requested facts, provided he or she properly complies with Rule 26(b)(5) and Discovery Guideline 9(c). Once, as was done here, the requesting party challenges the basis for the assertions of privilege in a motion to compel, however, the responding party must then do more than rely on a privilege log that gives two word justifications for the assertion of the privilege.

While defendant may have been able to produce sufficient particularized facts to support its assertion that it would have been

---

**2.** Although technically not a privilege, the work product doctrine frequently is referred to as one, and will be in this order, for ease of reference.

*See Nutramax Laboratories, Inc. v. Twin Laboratories, Inc.*, 183 F.R.D. 458, 463 n. 8 (D.Md. 1998).

unfairly burdensome to provide a document-by-document analysis of each privilege claim, it failed to make such a showing. More importantly, defendant made no effort to demonstrate the applicability of the privileges it asserted to the categories of documents it identified in its privilege log. In order for the privilege log to have been prepared in good faith, defendant had to do the required analysis for the categories of documents identified. If so, when, as here, plaintiff challenged the sufficiency of defendant's assertions of these privileges, defendant had an affirmative duty to show why they applied to the categories of documents identified. Defendant failed to do so, and had earlier been warned by the Court that assertions of privilege had to be established with particularity. Accordingly, defendant has failed to meet its burden to establish privilege for the documents identified in the privilege log, and its objection on that basis to producing these documents is overruled.

### 2. Request for Production No. 1

█ Plaintiff seeks all documents or things regarding involuntary termination of employment of any employee or group of employees of the defendant in Maryland, Virginia and the District of Columbia, without restriction as to time. This request clearly is overbroad. Although the information sought, arguably, is relevant to plaintiff's claims, the scope of information sought is far too great. Unfortunately, defendant did little in the way of providing facts to assist the Court in tailoring the proper scope. Applying the analysis required by Rule 26(b)(2), the defendant will produce responsive documents relating to the termination of employees within the last 5 years who were supervised by Mr. Wildman, or any other supervisor that the plaintiff alleges participated in the allegedly improper conduct that is the subject of this lawsuit. In this regard, defendant will be required to expend up to 40 hours of time to search for these documents. It will submit with its responses an affidavit, signed under penalty of perjury by a person with personal knowledge of the facts in the affidavit, that contains a particularized itemization of the time spent to locate the documents, to enable

plaintiff and the Court, if the sufficiency of the search is challenged, to determine whether or not it was diligent, and done in good faith. A failure to properly comply with this requirement will result in the imposition of appropriate sanctions against defendant and/or its counsel. If, following review of the documents produced as a result of the search ordered, plaintiff contends that it is entitled to additional documents within this category, it may file a motion seeking additional documents. If meritorious, the plaintiff will be allowed additional discovery of these documents, provided it pays to defendant the actual cost to defendant for the time needed to locate, assemble and reproduce any such additional documents.

All documents produced will be subject to a confidentiality order that counsel will prepare.

### 3. Request for Production No. 3

█ This request seeks every document and thing written by, approved by or mentioning Mr. Wildman concerning the performance or behavior of an employee of the defendant. It is overbroad. Plaintiff is entitled to reasonable discovery bearing on Mr. Wildman's credibility, but he has overreached in his request. Unfortunately, defendant has not offered meaningful information to the Court to enable it to properly tailor fair discovery with respect to the requested documents. However, defendant did agree to provide documents written by Mr. Wildman concerning the performance or behavior of its employees under Mr. Wildman's supervision, including the plaintiff. This is a reasonable first step. Pursuant to Rule 26(b)(2) defendant will provide these documents. Upon review, if plaintiff contends that broader discovery is needed to enable him to obtain impeachment material regarding Mr. Wildman, he may file a motion seeking such additional information. If meritorious, additional discovery will be permitted, subject to the Court's determination of whether plaintiff should be required to bear the expense of some or all of this additional discovery.

All documents produced will be subject to the confidentiality agreement prepared by counsel.

#### 4. Request for Production No. 4

■ Plaintiff seeks all documents relating to the hiring, promotion discipline, performance, transfer or termination from employment of any of defendant's employees at its Elicott City, Maryland location, from 1994 through the trial of this case. This request also is overbroad. Defendant's opposition memorandum did not discuss this request. Defendant will produce the requested information for the 5 years preceding the termination of the plaintiff, with respect to any of its employees at the Elicott City location who were supervised by any supervisor that is the subject of plaintiff's complaint in this case. If, following this review, plaintiff seeks further documents in this category, he may file a motion seeking them. If meritorious, more discovery will be permitted, subject to the Court's determination of whether the plaintiff should bear the expense of some or all of the additional discovery.

The documents produced will be subject to the confidentiality order prepared by counsel.

#### 5. Request for Production No. 5.

■ Plaintiff seeks every document and thing concerning the involuntary termination of any general manager of the defendant. This request is unrestricted as to time or location. It clearly is overbroad. Defendant agreed to produce the requested information as to any of its "proprietors", including the plaintiff, supervised by Mr. Wildman. With one addition, this is a reasonable starting point. Defendant will produce the requested information with respect to Mr. Wildman and any other supervisor that participated in the decision to terminate the plaintiff. Following review of these documents, if plaintiff desires more, he may file a motion requesting it. If meritorious, the Court will order additional discovery, subject to a determination of whether the plaintiff should be required to bear the expense of all or some of the further discovery.

The documents produced will be subject to the confidentiality order prepared by counsel.

#### 6. Request for Production No. 7

■ Plaintiff seeks all documents relating to any lawsuit or administrative complaint alleging a violation of an employment agreement or contract by defendant, including documents relating to the settlement of such claims or charges. It is unrestricted as to time or geographical scope. It is overbroad. Defendant, without merit, objects to producing any of the requested documents. Defendant will produce all responsive documents for a period of five years preceding the termination of the plaintiff where the claim or charge relates to any of the restaurants where plaintiff worked, and any of the supervisors of the plaintiff that participated in the decision to terminate his employment. Following review of these documents, if plaintiff seeks more, he may file a motion requesting it. If meritorious, more discovery will be ordered, subject to the Court's review to determine whether the plaintiff should be required to pay all or some of the costs related to any additional discovery. The documents produced will be subject to the confidentiality order counsel prepare.

#### 7. Request for Production No. 8

■ Plaintiff seeks every document written or signed by any employee that actively participated in the decision to terminate his employment that relates to the performance, behavior discipline or discharge of any other of defendant's employees. Defendant raised boilerplate objections, but agreed to produce Mr. Wildman's documents relating to any of defendant's proprietors. This request is overbroad, and overlaps request no. 5, and to some extent request no. 3. Defendant will produce, for a period of five years preceding the date of plaintiff's discharge, documents written by plaintiff's former supervisors, including Mr. Wildman, that relate to the taking of adverse employment action against any employee within defendant's restaurants located in Virginia, Washington D.C., Maryland and any other state within the responsibility of any of the supervisors that partici-

pated in the decision to terminate plaintiff's employment. The time required of the defendant to search for these documents will be included within the 40 hours referred to above, with respect to request no. 1. If, following review of the foregoing materials, plaintiff seeks further production, he may file a motion requesting it. If meritorious, additional discovery will be allowed, subject to the Court's determination whether plaintiff should bear all or part of the cost of any additional production.

The documents produced will be subject to the confidentiality agreement counsel are to draft.

### 8. Request for Production No. 9

Plaintiff seeks documents relating to defendant's exercise of an option to purchase an interest in the defendant, or Carrabba's DC–1 limited partnership, from any present or former general manager. Defendant raises boilerplate objections, and plaintiff insists that he needs the information to identify other general managers that may have been terminated early, and also to value his partnership interest. Rule 26(b)(2) allows the Court to direct alternative methods of discovery, if they are more reasonable than that chosen by a party, and objected to by another. The information plaintiff seeks would be more efficiently produced in response to an interrogatory seeking the names of relevant former general managers, and the valuation of the stock repurchases entered into with them. Within ten days of this order, plaintiff will serve such an interrogatory on the defendant, who shall, within fourteen days, completely and non-evasively answer it.

If defendant requests that this discovery be subject to the confidentiality agreement counsel will draft, it shall be.

### 9. Request for Production No. 12

Plaintiff requests every document or thing concerning cleanliness, customer service, quality of service, food or efficiency of operations at defendant's restaurants in Virginia, Washington D.C., and Maryland. Defendant raised boilerplate objections, but offered to produce some of the information requested. Plaintiff asserts that defendant

has produced very little of what was promised, and only documents from senior executives rather than responsive policy statements from general managers like the plaintiff was. Defendant will produce responsive documents prepared by general managers within its Virginia, Washington D.C. and Maryland restaurants for the five years preceding the termination of the plaintiff's employment. The search time for this information will be included in the 40 hours referred to with respect to request no. 1, above. If, after review of the additional documents, plaintiff desires further discovery, he may file a motion requesting it, and if meritorious, further discovery will be allowed, subject to review by the Court to determine whether plaintiff should pay all or part of the cost of further discovery.

### 10. Interrogatories 4 and 5

Plaintiff seeks the last known name, address and phone number of every employee hired, fired, or supervised by Mr. Wildman, as well as information relating to the restaurant where they worked, their job title, their employment status, and if no longer employed by the defendant, the reason for their termination. Defendant identified four proprietors hired by Mr. Wildman, 16 proprietors supervised by him, and two proprietors who were fired by him. Some of the additional information regarding these individuals was also provided. Plaintiff seeks additional information regarding employees supervised by Mr. Wildman in Macon, Georgia, and has requested directory information regarding current employees of the defendant so that he may interview potential witnesses, and issue subpoenas. Defendant objects to providing the requested information relating to current proprietors, citing Rule 4.2 of the Maryland rules of professional conduct, which precludes an attorney from having contact with a person known to be represented by an attorney. Defendant's attorneys assert that the plaintiff is precluded from contacting management level employees, as this is prohibited by Rule 4.2

While there is nothing in the discovery rules that gives the right to a party to conduct informal interviews with potential wit-

nesses, there is nothing wrong with a party seeking to do so, provided the interview would not contravene the rules of professional conduct. However, there is nothing in the discovery rules that gives a party the right to compel an informal interview. If plaintiff seeks to subpoena for deposition any of the defendant's current management employees identified by the defendant, he shall provide a list of their names to the defendant, who will provide the requested information about these employees to the plaintiff for that purpose. If plaintiff seeks to interview any current management employees of the defendant, he will give advance notice to the defendant. If defendant objects to the interview, counsel will meet and confer in an effort to reach a mutually agreeable solution. If unsuccessful, then plaintiff may depose the manager, subject to a schedule and limitation on length of depositions agreed to by the parties, or ordered by the Court.

Additionally, defendant will provide the name, address and telephone number, if known, of any of the former employees it identifies in its answer to interrogatories 4 and 5.

### 11. Interrogatory Nos. 7, 8, & 9, Requests for Production Nos. 21, & 22.

Interrogatory No. 7 seeks the name, address and other information regarding every witness the defendant intends to call at trial. Interrogatory No. 8 seeks a summary of the facts each witness may testify to at trial. Interrogatory No. 9 requests a list of each exhibit the defendant intends to introduce into evidence at trial, and information regarding the location of these documents. Document production requests 21 and 22 seek records regarding the witnesses and documents that are the subject of the above interrogatories. The defendant objects to certain of these discovery requests, on the basis of burden and the work product privilege. Further, defendant states that it cannot respond to the requested discovery, in any event, because it has not yet made a decision what witnesses to call, or exhibits to introduce at trial.

While a strong argument can be made that certain of the foregoing discovery requests are improper because they seek attorney opinion work product[3], there is a more practical reason why they are objectionable. As contemplated by Rule 26(b)(2), the Court has discretion to delay requested discovery, or order that facts sought by one discovery device be obtained by another. Rule 26(a)(3) requires the disclosure of the names and addresses of trial witnesses, as well as a listing of all trial exhibits. The Rule 26(a)(3) disclosures are required to be made in the pretrial order, Local Rule 106.4.c. Given the breadth of plaintiff's other discovery requests, there is no compelling reason why he should have the information regarding witnesses and exhibits any earlier than they would be required by Rule 26(a)(3) and Local Rule 106. Accordingly, defendant will not be required to provide the identity and addresses of witnesses, or the identity of documents, until the pretrial order is submitted in accordance with Local Rule 106.

As to plaintiff's interrogatory No. 8, which seeks to require the defendant to summarize the substance of the expected testimony of each witness it intends to call, I find this interrogatory to be objectionable. First, if it does not directly trespass on information protected by the work product doctrine, it certainly comes close to doing so. Second, it clearly is burdensome, as it would impose a disclosure obligation on defendants greater in scope, and earlier in time, than otherwise required by the rules of procedure, and the local rules of this Court. At this point in the litigation, it is premature to expect the defendants to have identified their trial witnesses. Even when the pretrial process makes it more reasonable for them to have done so, requiring them to summarize expected testimony from witnesses, some of whom may already have been deposed, and others of

---

**3.** *See Nutramax Laboratories, Inc. v. Twin Laboratories, Inc.*, 183 F.R.D. 458, 463–465 (D.Md. 1998) (quoting *In re Martin Marietta Corp.*, 856 F.2d 619, 625–26 (4th Cir.1988)) (finding that the work product "privilege" is more easily waived for fact work product than opinion work product, the Court noted that the "the work product doctrine is intended to afford 'nearly absolute' protection against disclosure of the 'pure mental impressions or legal theory'").

whom may be outside the control of the defendants, is an unreasonable burden. Plaintiff has propounded comprehensive interrogatories and document requests, and the responses to them will identify persons likely to have personal knowledge of facts relevant to the litigation. No doubt, depositions of important witnesses have been taken, or will be taken. Against this backdrop, there is no sufficient basis in the record before me to warrant ordering the defendant to provide the witnesses summaries requested by interrogatory no. 8. For that reason, plaintiff's motion to compel an answer to this interrogatory is denied.

### 12. Sanctions

■ Plaintiff seeks sanctions from the defendant. This motion is denied. I note that it was the plaintiff that failed to comply with the requirements of Local Rule 104.8 when he prematurely filed his motion to compel. Further, although the parties have certified that they have complied with the requirements of that local rule, including its meet and confer requirements to try to narrow discovery disputes, it is apparent from the continued over breadth of plaintiff's discovery demands that he has been less reasonable in the process than he should have been. While the defendant also has not responded appropriately in many instances to the discovery requests initiated by plaintiff, there is blame enough to be shared such that sanctions are not presently warranted.

Counsel are cautioned, however, that their conduct will be judged by a more exacting standard should there be future discovery disputes submitted to the Court for resolution.

### 13. Response Time

All discovery ordered herein will be completed within 30 days.