**Christopher HALL, Plaintiff,**

v.

**Roger SULLIVAN et al., Defendants.**

**No. CIV.A. WDQ–04–2846.**

United States District Court,
D. Maryland.

Oct. 11, 2005.

Michael Patrick Coyle, Law Offices of Michael P. Coyle, and Richard I. Chaifetz, Law Office of Richard Chaifetz, Columbia, MD, for Plaintiff.

Kathleen Howard Meredith and Stephan Y. Brennan, Iliff and Meredith, PC, Pasadena, MD, for Defendants.

### MEMORANDUM AND ORDER

GRIMM, United States Magistrate Judge.

*Introduction*

This is a legal malpractice action referred to me for all discovery disputes. (Paper No. 19). At issue here is Plaintiff's Motion to Compel the production of documents in response to Plaintiff's Second Request for Production of Documents, Request No. 5, relating to the prior experience of the defendant lawyers in negotiating and drafting franchise agreements. This memorandum and order dispose of the following papers filed in this matter: Plaintiff's Motion to Compel, Paper No. 38; Defendants' Response, Paper No. 40; Plaintiff's Reply, Paper No. 45; Defendants' Opposition to Plaintiff filing Paper No. 45, or in the alternative, a surreply, Paper No. 47. Plaintiff's Reply, Paper No. 45, was filed in violation of the Court's Order regarding the handling of discovery disputes. (Letter Order, Paper No. 22). Plaintiff's Motion is Denied in part, and Granted in part, for the reasons explained *infra*.

*Background*

Plaintiff, Christopher Hall, filed his Complaint on September 2, 2004, claiming allegations of breach of contract and negligence against several Defendants, including two lawyers in their individual capacities, Mark Devan and Roger J. Sullivan, and the firms that they are presently affiliated with, Covahey, Boozer, Devan and Dore, LLC, and DiPaula and Sullivan, LLC (hereinafter collectively referred to as "CBDD"). (Complaint, Paper No. 1). The allegations in the Complaint relevant to the issues here are pleaded in paragraph 11:

In 1998[sic] in order to effect [the franchise agreement], Hall retained Sullivan and Devan of CBDD to represent him in this matter. Sullivan had previously represented Hall in other matters and enjoyed his confidence. At that time, (i.e. 1998) Sullivan told Hall that he and his firm, CBDD, had years of experience, expertise, and knowledge working with franschissee/franchisor contracts and all forms of commercial documents and contracts. Unbeknownst to Hall, Sullivan misrepresented his, Devan's, and CBDD's legal abilities and expertise. Sullivan advised Hall that for tax and liability purposes he was better off being an investor in the South Carolina Franchise, not the actual franchisee. Sullivan assured Hall that he could still secure and protect his investment in the South Carolina Franchise, and ensure that if Hall thought it necessary, Hall could take over the operation at any time and become the franchisee.

(*Id.* at ¶ 11). Mr. Hall further alleges that when he hired CBDD in 1998 to represent

him in structuring a franchise agreement to acquire Smoothie King franchises on the University of South Carolina campus, his intent was to acquire an interest that gave him the control of an actual franchisee as opposed to a mere investor; however, Mr. Hall alleges that CBDD recommended and ultimately structured the agreement so that Mr. Hall did not acquire this control. (*Id.* at ¶ 14). CBDD denies Mr. Hall's averments and asserts that they structured the agreement with Mr. Hall as the investor at his insistence. (Paper No. 38, p. 2).

Hall alleges that due to his status as an investor rather than a franchisee, he was unable to enforce an agreement to operate the Smoothie King franchises on campus. (Compl., Paper No. 1, ¶ 16). Mr. Hall claims that damages flow from this alleged legal malpractice in structuring the franchise agreement and filed this action on September 2, 2005. (*Id.* at ¶¶ 33, 41, Counts I & II).

On March 3, 2005, Judge Quarles referred this action to me for resolution of all discovery disputes. (Paper No. 19). To help facilitate the resolution of any disputes, I issued a Letter Order on March 11, 2005 setting forth the procedures by which all discovery disputes would be handled. (Paper No. 22). Paragraphs 4 and 5(b) are relevant here. Paragraph 4 states:

> If a party responding to a discovery request objects, in whole or part, to the discovery, objections must be specific, non-boilerplate and supported by particularized facts where necessary to demonstrate the basis for the objection. Failure to do so constitutes a waiver of the objection. *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35 (D.Md.2000); *Thompson v. HUD*, 199 F.R.D. 168 (D.Md.2001). Similarly, assertions of privilege or work product immunity as a basis for refusing to provide discovery must be particularized, Rule 26(b)(5), and accompanied by the information required by Discovery Guidelines 6 and 9.c. **Failure to do so may be deemed by the Court to be a waiver of the privilege/immunity**.

(*Id.*) (*emphasis added*). Paragraph 5(b) states that reply memoranda will not be allowed unless permitted by the Court. (*Id.*)

In addition to the issues raised by counsel, counsel's noncompliance with these procedures and how it affects my ruling on this motion will each be addressed.

Mr. Hall served his Second Request for Production of Documents in April 2005, in which he sought information specifically related to the allegations in paragraph 11 of the Complaint. Request No. 5 sought: "All documents related to the representation of any individual or entity seeking to become a franchisee." (Paper No. 38 and Ex. C, Request No. 5). It is unclear from the record when CBDD answered Mr. Hall's Second Request, however, it is clear that when they did respond, they objected to it on several conclusory grounds, specifically that the request was: (1) overbroad and unduly burdensome, (2) beyond the scope of discovery, (3) vague and ambiguous because the documents sought were not identified with particularity, (4) protected by the attorney-client privilege of third-parties, and (5) protected by the attorney work product doctrine. (*Id.*) These are classic boilerplate objections of the type that have been condemned by courts and commentators for years because they fail to particularize the basis for the objections, and inevitably result in delay and expense, and promote disputes between counsel that require court resolution. They also are the very type of objections prohibited by this Court's March 11, 2005 order.

The record does not contain any privilege log as required by Federal Rule of Civil Procedure 26(b)(5) nor does it contain the particularized objections for privilege or work product doctrine as required by this District's Local Rules, Appendix A, Guideline 9(c). More disturbingly, the response by CBDD failed to comply with this Court's order of March 11, 2005 requiring that objections of overbreadth and burdensomeness be particularized with specific information. (*See* Paper No. 38, Ex. C). The record shows that it was not until August 8, 2005, when CBDD filed their Opposition to Mr. Hall's motion, did they attempt to particularize their burdensomeness objection in an affidavit included with their response papers. (Paper No. 38, Exhibit C & Paper No. 40, attached affidavit of Mark Devan).

Mr. Hall's counsel asserts that he attempted to confer with counsel for CBDD to clarify his request, including specifying that he did not seek privileged documents, but rather documents that were communications with third-party non-clients, such as the finalized franchise contracts and agreements. (Paper No. 38, p. 2). Mr. Hall's counsel states that despite these attempts, however, CBDD continued to assert the protection of privilege and the objection that the request was beyond the scope of discovery without providing any particularities. (*Id.*) Consequently, on July 26, 2005, Mr. Hall filed the Motion to Compel at issue. (Paper No. 38).

As mentioned above, on August 8, 2005, CBDD filed their Opposition to Plaintiff's Motion. Mr. Hall then filed a Reply on August 19, 2005, (Pl.'s Reply, Paper No. 45), without seeking the Court's permission, despite paragraph 5(b) the March 11, 2005 Order, as stated above, makes clear that reply memoranda will not be allowed unless permitted by the Court. (Letter Order, Paper No. 22). On August 28, 2005, CBDD filed Paper No. 47, an opposition to the Mr. Hall filing Paper No. 45, or in the alternative, a surreply.

A telephone hearing was held on the motion on August 30, 2005, at which time I issued my rulings. However, because the issues raised in this dispute recur so frequently and have not been addressed by any prior published decision of this Court or the Fourth Circuit, I have decided to publish a written memorandum and opinion explaining my ruling, with the hope that it may be of assistance to the bench and the bar in resolving similar disputes in the future.

### Discussion

■ The first inquiry is whether Mr. Hall's document request No. 5 seeks documents from CBDD that are. within the scope of discovery as defined by Rule 26(b)(1) [1]. Mr. Hall's document request sought information regarding prior written communications associated with franchise agreements affecting CBDD's other clients who are not parties to the instant lawsuit, and the facts regard-

ing CBDD's representation of these clients. (Pl.'s Mtn, Paper No. 38, Ex. C). Mr. Hall asserts that the request is relevant to paragraph 11 of the Complaint because documents from CBDD relating to negotiated franchise agreements, or information from clients who sought to be franchise clients, would provide discoverable information pertaining to the disputed level of franchise agreement experience of Sullivan, Devan, and CBDD. (Pl's Mtn., Paper No. 38). Mr. Hall further argues that the requested documents would provide information as to whether CBDD previously had structured franchise agreements in a similar fashion to the one at issue. (*Id.*)

CBDD's position is that these documents are not relevant. (Def.'s Opp., Paper No. 40). In support of their position, CBDD cites to an unpublished opinion from the United States District Court from the Southern District of New York, *Palumbo v. Shulman*, 1998 WL 436367, 1998 U.S. Dist. LEXIS 11467 (S.D.N.Y. July 27, 1998). (*Id.*) CBDD argues that this court relied upon *Palumbo* in a ruling in the unrelated case, *Schafer v. Young*, JFM–03–016, Paper No. 39, which addressed a similar discovery request issue. (*Id.*)

Review of the *Palumbo* and *Schafer* cases, however, reveals that they are of minimal, if any, assistance in resolving this dispute. First, apart from the fact that *Palumbo* is an unpublished opinion, the decisions of other district courts may be persuasive, but are not *stare decisis*, as CBDD concedes. More importantly, however, *Palumbo* does not assist me in this case because it did not involve issues of attorney-client privilege, but rather involved information sought from investment clients. *Palumbo v. Shulman*, 1998 WL 436367, 1998 U.S. Dist. LEXIS 11467 (S.D.N.Y July 27, 1998). Furthermore, the court in *Palumbo* determined under the specific facts of that case that the files sought were of minimal applicability to the claims. *Id.* Thus, although I do not disagree with the outcome of *Palumbo,* it has very little bearing on the outcome of the issue in this case.

---

**1.** Reference to a specific "Rule" in this memorandum and order refers to the Federal Rules of

Civil Procedure.

In addition to the *Palumbo* case, CBDD also relies upon Judge Motz's ruling on the plaintiff's motion to compel in *Schafer v. Young*, JFM–03–016, Paper No. 39. Unlike *Palumbo*, the circumstances in the motion to compel in *Schafer* appear similar to those here, in that *Schafer* was a legal malpractice case that involved a request for production of documents that included a request for client files of non-party clients for the purpose of determining whether or not the law firm had prior experience in the types of cases that were similar to the case at issue. (Def.'s Opp., Paper No. 40, Ex.s 2 & 3). CBDD argues that in Judge Motz's ruling on the plaintiff's motion to compel, he rejected a discovery request similar to the one here, and that his reasoning was based in part upon the *Palumbo* case and applicable privilege law. (Def.'s Opp., Paper No. 40). I have reviewed this ruling, the substance of which states: "The breadth of discovery of the requested discovery is not justified by the nature of the plaintiff's claim. Moreover, potential issues of attorney-client privilege are implicated by the discovery request." *Schafer v. Young*, JFM–03–016, Paper No. 39. The ruling does not cite to any caselaw, let alone the *Palumbo* case, nor does it analyze privilege law. Rather, the court appears to have reached its decision based upon a balancing of factors such as those identified in Rule 26(b)(2)(i), discussed *infra*. Thus, without additional explanation and analysis, the *Schafer* ruling is not dispositive of the issues in this case.

The discovery sought in Plaintiff's Request No. 5 is relevant to the issues raised in the pleadings that have been filed if, under Federal Rule of Evidence 401 and Rule 26(b)(1), it is information that makes the facts pertaining to the claims or defenses in the pleadings more or less likely than without that information. I conclude that CBDD's documents from other clients relating to franchise work are relevant because they could reveal the level of experience CBDD lawyers had in structuring franchise agreements and whether they had structured franchise agreements in a similar fashion to Mr. Hall's in the past. This would be probative to the issues of duty and breach, which are essential elements in a negligence claim.

Concluding that documents are relevant, however, does not mean that they automatically are discoverable, as explained in detail in *Thompson v. HUD*, 199 F.R.D. 168, 170 (D.Md.2001). In *Thompson*, the Court explained that whether the documents are relevant to the claims and defenses is only the first step of three in determining whether requested documents should be produced. *Id.* The second step in the process is to determine whether the documents fall within the attorney-client privilege or work product doctrine. *Id.* And finally, if the documents are relevant and not protected by privilege or the work product doctrine, the balancing factors set forth in Rule 26(b)(2) next should be considered. *Id.* Rule 26(b)(2) provides that the Court, *sua sponte* or on a party's Rule 26(c) motion, may order that discovery not be produced if it finds that the discovery request is either unreasonably cumulative, duplicative, or *obtainable from some other convenient but less burdensome or less expensive source. Id.* (emphasis added). Under this Rule, the court makes a determination as to whether documents will be produced after balancing several factors, including whether the discovery-seeking party had sufficient opportunity to discover the information previously, whether the expense and/or burden associated with the discovery request balances with the benefits the information will provide in the case, in addition to the parties' resources and the importance of the discovery as related to the importance of the particular issues implicated by the discovery. (*Id.*)

■ Keeping these steps in mind, the second issue to be resolved is the issue of privilege. Under Rule 26(b)(1), information that is privileged or protected by the attorney work product doctrine is not within the scope of discovery. The parties spent a majority of their substantive discussion in their motion papers debating whether the records sought are privileged. (Pl.'s Mtn. Paper No. 38 & Def.'s Opp., Paper No. 40). In the circumstances here, however, there is a preliminary issue, and that is whether CBDD has waived any privilege or work product doctrine objections by their disobedience of this Court's Order of March 11, 2005 and the Discovery

Guidelines of this Court by failing to particularize their privilege objections. Absent an order from the court, as was the case here, there is some confusion as to whether or not a failure to particularize objections, specifically in response to a Rule 34 document production request, constitutes a waiver of the party's objections. Absent an order, however, the confusion is understandable when the text of two discovery rules are compared.

Rule 34(b) requires that:

"[a] party upon whom ... [a request for production of documents] is served shall serve a written response within 30 days after the service of the request .... The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is objected to, in which event the reasons for the objection shall be stated."

Fed.R.Civ.P. 34 (2005). Of course, privileged documents are exempt from discovery, Rule 26(b)(1), but the party must identify the applicable privilege with requisite specificity, Rule 26(b)(5), Discovery Guideline 9(c), Appendix A, Local Rules, United States District Court for the District of Maryland, ("Local Rules").

In contrast, Rule 33(b)(4), which pertains to interrogatories, requires that all grounds for objections to interrogatories must be stated with specificity and that any ground not so stated in a timely objection is waived unless excused by the Court for good cause. There is no similar provision in Rule 34, which addresses requests for production of documents and things. If one looks at the commentary to Rule 34, however, it is clear that the procedures under Rule 34 were intended to be governed by the same procedures applied under Rule 33. The commentary under Rule 34 states, "The procedure provided in Rule 34 is essentially the same as that in Rule 33 and the discussion in the note appended to that rule is relevant to Rule 34 as well." Fed.R.Civ.P. 34 advisory committee's note, 1970 Amend.; *Amendment to the Fed. Rules of Civil Procedure,* 48 F.R.D. 487, 527 (1970).

Moreover, there are strong policy reasons favoring a requirement that a party raise all existing objections to document production requests with particularity and at the time of answering the request, so that counsel may meet and confer once to try to resolve the objections and, if unsuccessful, present the dispute to the court for prompt resolution. No benefit is achieved by allowing piecemeal objections to producing requested discovery, as this adds unnecessary expense to the parties and unjustified burden on the court. And, while it would be too harsh a result to say that a party that fails to raise a timely and particularized objection should be precluded absolutely from supplementing a discovery response to assert an additional ground not initially raised, the procedure set out in Rule 33(b)(4) wisely creates a presumption that objections not timely stated in an answer are waived, unless the court excuses the failure for good cause. Structuring the rule this way encourages diligence in answering discovery requests while, at the same time, recognizing that the time pressured environment in which "paper discovery" takes place often precludes leisurely reflection in advance of filing an answer. An authoritative commentator has observed "the discovery rules constitute an integrated mechanism and they must all be read *in pari materia.*" 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2204 (2d ed.1994); *See also Tiedman v. American Pigment Corp.,* 253 F.2d 803, 808 (4th Cir.1958) (Discovery rules dealing with depositions and subpoenas are *in pari materia* to Rule 34, dealing with document production).

Further, other courts addressing this issue long have ruled that a failure to raise an objection in an answer to a Rule 34 document production request may constitute waiver. *Perry v. Golub,* 74 F.R.D. 360, 363 (N.D.Ala. 1976) ("It is clear that the defendants' failure to file timely objections to the Request for Production constituted a waiver of the objections .... Similarly, the defendants' protective order motion does not alter the situation, since Rule 34 required that the point be raised by timely objections"); *Krewson v. City of Quincy,* 120 F.R.D. 6, 7 (D.Mass. 1988) ("I rule that all of the objections have

been waived. If a party fails to file *timely* objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests .... 'Any other result would .... completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences' " [internal citations omitted, emphasis in original]); *Scaturro v. Warren and Sweat Mfg. Co., Inc.,* 160 F.R.D. 44, 46 (M.D.Pa.1995) ("However, with respect to the question of waiver, if the responding party fails to make a timely objection, or fails to state the reason for an objection, he may be held to have waived any or all of his objections. However, Rule 34 does not by its terms provide that objections will be deemed waived; rather, a waiver appears to be more in the nature of a sanction for more egregious conduct...." [*internal citations omitted*]); and *Phillips v. Dallas Carriers Corp.,* 133 F.R.D. 475, 477 (M.D.N.C.1990) ("It is well settled that the failure to make a timely objection in response to a Rule 34 request results in waiver" [internal citations omitted]).

The circumstances surrounding the discovery requests in this case show exactly why the specificity and timing requirements are so important. When Mr. Hall's counsel sent an email in July to CBDD's counsel in response to CBDD's boilerplate objections, there was a commendable attempt by him to clarify and narrow the scope of the request to challenge the assertion of privilege and also to question CBDD's conclusory assertion of burdensomeness. (Pl.'s Mtn., Paper No. 38, Ex.s D & E). This attempt still did not prompt CBDD to particularize the privilege argument or any of the other general objections. (*Id.*) Consequently, the requesting party, Mr. Hall, was left with no alternative but to file a motion to compel. (*Id.*)

■ I agree with the analysis cited above of the courts and commentators that have considered this issue before. I hold that

implicit within Rule 34 is the requirement that objections to document production requests must be stated with particularity in a timely answer, and that a failure to do so may constitute a waiver of grounds not properly raised, including privilege or work product immunity, unless the court excuses this failure for good cause shown. With respect to privilege objections, the provisions of Rule 26(b)(5) and Discovery Guideline 9.c further apply, meaning that assertions of privilege, to avoid possible waiver, must contain the additional information identified in the rule and guideline. Having said that a waiver may result does not mean that it must, as a court has broad discretion to decide on a case by case basis whether waiver is appropriate. However, the burden of avoiding waiver must rest with the party that failed to particularize its objections. That party should be required to demonstrate good cause why waiver should not occur. The following factors are relevant in assessing whether good cause exists: (1) the length of the delay or failure to particularize; (2) the reason for the delay or failure to particularize; (3) whether there was any dilatory or bad faith action on the part of the party that failed to raise the objection properly; (4) whether the party seeking discovery has been prejudiced by the failure; (5) whether the document production request was properly framed and not excessively burdensome[2]; and (6) whether waiver would impose an excessively harsh result on the defaulting party[3].

In light of the above explained failure to provide timely, particularized objections, the remaining question is whether or not CBDD waived their objections. Were it necessary to decide this issue, it is questionable under the circumstances presented here whether CBDD would be able to establish good cause why waiver of its privilege claims should not occur, especially since they violated a court order, rule of civil procedure, and discovery guideline. I do not, however, need to reach this issue because the facts needed to evalu-

---

**2.** In evaluating this factor the court may be assisted by the cost-benefit balancing factors identified in Rule 26(b)(2).

**3.** For example, under the controlling law of the circuit, would the waiver be limited to the docu-

ments sought in the particular request, or a broad subject matter waiver. *See, e.g., F.C. Cycles Int'l, Inc. v. Fila Sport,* 184 F.R.D. 64, (D.Md.1998) (discussing the scope of waiver of privilege in the Fourth Circuit).

ate whether there is good cause to excuse CBDD's failure are not contained within the record. However, even were I to assume *arguendo*, that CBDD had waived its privilege claims by failing to particularize them, the application of the Rule 26(b)(2) factors precludes the granting of Hall's motion to compel the requested documents.

■ Although there is no question that the documents sought are relevant, part of the Rule 26(b)(2) analysis requires a determination as to whether the information should be discovered through the requesting party's chosen discovery method. In this case, if CBDD were required to produce all the files sought, they would spend an excessive amount of time searching active and archived files to identify all cases involving franchise issues, even if handled by lawyers other than those who are involved in this case. (Def.'s Mtn, Paper No. 40, Affidavit of Mark Devan, ¶¶ 8, 14, 15, 16, 20). Additionally, even if Mr. Hall sought only to examine the documents within these files that had been disclosed to third parties, to which the attorney-client privilege arguably would not attach, the process of determining what documents had and had not been disclosed would be difficult and time consuming especially because it would involve going through files dating back 35 years. (*Id.* at ¶ 4). More to the point, however, Mr. Hall's efforts to discover the level of franchise law experience of CBDD and its lawyers by sifting through 35 years of files of other CBDD clients is about as efficient as trying to pick up the contents of a spilled salt shaker with a pair of tweezers. Clearly, the most direct, least burdensome way of determining the level of franchise law experience of the CBDD lawyers is to depose the specific lawyers who represented Mr. Hall, as well as a Rule 30(b)(6) designee of the firm. As confirmed during the telephone hearing, this had not previously been done. Requiring Mr. Hall to first attempt the discovery he seeks via depositions also will avoid having to disclose to a third party the contents of files of third party clients who are in no way related to the facts of this case—files that are likely to contain sensitive financial and commercial information. Accordingly, pursuant to Rule 26(b)(2)(i), it is clear that the discovery Mr. Hall seeks is available "from some other source that is more convenient, less burdensome, or less expensive" than Mr. Hall's Rule 34 request for production of documents.

Therefore, Plaintiff's Motion to Compel is DENIED to the extent it seeks the Rule 34 production of documents in response to Request No. 5 of Plaintiff's Second Request for the Production of Documents; however, Plaintiff's Motion to Compel is GRANTED to the extent that depositions of the Defendants and their representatives may be taken and asked about the information sought in the above-mentioned document request.

It is so ORDERED.